■ ELPIDIO CAMACHO, JR., et al., Respondents, v CONRAIL, Appellant, et al., Defendants.—Order, Supreme Court, New York County (Francis Pecora, J.), entered on or about August 5, 1988, which, following a jury trial, granted plaintiff's motion to the extent of setting aside, as inadequate, the jury verdict awarding damages for pain and suffering in the sum of $451,500, and ordered a new trial on that issue alone; and an interlocutory judgment of the same court, entered on or about September 30, 1988, which entered judgment on the jury verdict, apportioning 60% liability to the infant plaintiff for his own contributory negligence and 40% to defendant Conrail, and awarding damages for loss of earnings in the sum of $181,135, and further, entered judgment on the August 5, 1988 order, unanimously affirmed, without costs.

The 12-year-old child was found contributorily negligent for entering Conrail's Melrose station and jumping on the slow-moving freight cars, to ride from one' end of the platform to the other. However, we reject Conrail's contention that the infant's conduct constituted an intervening or superseding act between Conrail's negligence, in failing to properly secure the premises although on notice that school children frequently played on the tracks, and the accident. When "the intervening act is a natural and foreseeable consequence of a circumstance created by defendant, liability will subsist". *(Kush v City of Buffalo,* 59 NY2d 26, 33, citing *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315.)* Conrail may not be relieved from liability where the child's act was foreseeable and shaped the duty imposed upon Conrail to prevent easy access to the station, which was unused during the day, by children from the nearby school.

Moreover, we do not believe the court committed an abuse of discretion in setting aside the jury award for pain and suffering as shockingly low. The child sustained a traumatic amputation of one leg in the accident. The medical evidence is that the child will suffer constant pain and have difficulty using a prosthetic device since the amputation three inches below the hip left one inch of femur bone with insufficient padding.

Finally, there was no error in the court's charge on assumption of the risk. While the court did not give the charge in the form requested, it did indicate that the jury should consider

the child's own awareness of what he was doing and his knowledge of the risks involved. Moreover, even though assumption of the risk and contributory negligence are distinct legal theories, they are in this case "different theories of one affirmative defense, i.e., 'culpable conduct', they should not be charged in such a manner as to appear to the jury as separate defenses * * * [and] the jury should be directed to return one apportionment as to culpable conduct." *(McCabe v Easter,* 28 AD2d 257, 258-259 [3d Dept 1987].)

We have examined the other points raised by the defendant and find them to be without merit. Concur—Ross, J. P., Asch, Rosenberger, Smith and Rubin, JJ.