■ Leslie Elie et al., Respondents, et al., Plaintiffs, v Herman T. Kraus, as General Partner of Hyde Park Associates, Appellant. [631 NYS2d 16] —Order, Supreme Court, New York County (Lorraine S. Miller, J.), entered January 9, 1995, which *inter alia*, denied defendant's motion for summary judgment as to the claims of plaintiffs Leslie and Jeany Elie, and granted plaintiff Ochoa partial summary judgment on the issue of liability, and directed an assessment of damages, unanimously reversed, on the law, to grant defendant's motion for summary judgment dismissing the claims asserted by Mr. and Mrs. Elie, and to deny partial summary judgment to Ms. Ochoa, without costs.

Plaintiffs are tenants in a garden apartment complex in Queens County, who suffered either physical injury, or property loss, as a result of criminal acts of third parties who gained entrance to their homes. They brought this suit against the owner of the complex for alleged failure to provide reasonable security.

The apartments in the complex are laid out in a series of two-story buildings. Access to each unit is through a ground-level door; each door leads to two units. At one point, before the incidents described in the complaint, the outer doors to all buildings had locks. However, upon renovation of the complex, these locks were removed and replaced by new inner apartment doors, containing an extra deadbolt lock, a peephole, and a mail slot. Intercoms were also provided for each apartment, lighting in the common areas was increased, and security guards were hired.

Upon review of the implementation of this new security system, the Division of Housing and Community Renewal (DHCR) determined that the tenants had sustained a reduction in required services (Administrative Code of City of NY § 26-514). The landlord brought a CPLR article 78 challenge to this administrative determination, which was rejected by both the Supreme Court and the Appellate Division, Second Department (*see, Matter of Hyde Park Gardens v State of New York*,

*Div. of Hous. & Community Renewal*, 140 AD2d 351, *affd* 73 NY2d 998; *Matter of Hyde Park Assocs. v Higgins*, 191 AD2d 440).

Plaintiff, Elie, alleges that on December 14, 1985, at about 7:10 P.M., he and his wife had put their children to bed, when his wife went to a nearby store to buy some milk. At about 7:25 P.M., Mr. Elie heard his bell ring. He buzzed the door, disengaging the lock to his apartment.* Three men, one carrying a gun, proceeded into his apartment, and after a struggle, one shot Mr. Elie in the leg.

Ms. Ochoa is an unrelated tenant who alleges that inadequate security in the complex also resulted in a robbery in her apartment. She also alleges that on a separate date she was locked in a closet in her apartment by an unknown intruder.

Defendant moved for summary judgment dismissing the Elies' complaint, and both plaintiffs cross moved for summary judgment as to liability. The trial court denied defendant's motion, and granted plaintiff Ochoa's motion for partial summary judgment. This appeal ensued.

Plaintiffs have not established that the prior DHCR determination precludes litigation of whether their landlord has provided reasonable security in this apartment complex (*Browning Ave. Realty Corp. v Rubin*, 207 AD2d 263, 266, *lv denied* 85 NY2d 804). Because the issues involved in the administrative proceeding were not identical to the common law negligence principles which apply to this case, collateral estoppel cannot be applied to resolve this issue in plaintiffs' favor.

Although Mr. Elie had, at one time, stated that he did not use his intercom because it was broken, it is also undisputed that plaintiff's two apartment locks were functioning, and the door to the apartment had a peephole. Under these circumstances, it would be mere speculation to assume that the alleged absence of a functioning intercom was a " 'substantial causative factor' " in the sequence of events which led to the assailants' entrance into this plaintiff's apartment (*Mkrtchyan v 61st Woodside Assocs.*, 209 AD2d 490). Mr. Elie's buzzing open his front entrance, without first checking who was at the door, after dark, despite the fact that he had a peephole, was

---

* Although Mr. Elie's response to defendant's interrogatories indicated that the intercom was not working, later, at a deposition, he testified that he was not sure whether it was working. He also testified that because his wife had gone to a store less than a mile from his house, he assumed that it was she who was ringing the doorbell, and he released the lock, without looking through the peephole, by using the remote control buzzer.

an intervening cause of this unfortunate criminal act, severing this landlord of liability therefor.

It is conceded that it was error to grant partial summary judgment to Ms. Ochoa. Concur—Rosenberger, J. P., Ellerin, Kupferman, Tom and Mazzarelli, JJ.