■ Yvonne Borrero, Respondent, v New York City Housing Authority, Appellant. [653 NYS2d 581] —Order, Supreme Court, Bronx County (Howard Silver, J.), entered September 29, 1995, which denied defendant New York City Housing Authority's motion for summary judgment dismissing the complaint, is unanimously reversed, on the law, without costs, the motion is granted, and the complaint is dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint. Appeal from the order, same court and Justice, entered December 6, 1995, which denied defendant's motion to renew and reargue, is unanimously dismissed, without costs, as academic in view of the foregoing.

In a negligence claim based on lack of security which allowed the perpetrator access to the building, absent proof of the method by which the perpetrator entered the building, plaintiff cannot prove that defendant's negligence was the proximate cause of her injuries (*Kirsten M. v Bettina Equities Co.*, 222 AD2d 201, 202, *lv denied* 88 NY2d 813; *Wright v New York City Hous. Auth.*, 208 AD2d 327, 330; *Dawson v New York City Hous. Auth.*, 203 AD2d 55; *Kistoo v City of New York*, 195 AD2d 403, 404). In addition, the failure to provide a locked outer door is only relevant as a proximate cause if evidence is presented to support a finding that the assailant was an in-

truder with no right or privilege to be present on the premises (*Morrison v New York City Hous. Auth.*, 227 AD2d 319; *Dawson v New York City Hous. Auth.*, *supra*, at 55).

In the matter before us, plaintiff has failed to shoulder her evidentiary burden as she has not demonstrated that the assailant gained access to the building through the unsecured front entrance, or that the assailant was not a building resident or invitee. Indeed, plaintiff's testimony, as well as that of a witness, was often contradictory and vague. Concur—Sullivan, J. P., Wallach, Rubin, Tom and Andrias, JJ.