■ S.M.R.K., INC., Doing Business as FLYRITE TRAVEL, et al., Appellants, v 25 WEST 43RD STREET COMPANY et al., Respondents and Third-Party Plaintiffs-Respondents. WEB SECURITY, INC., Third-Party Defendant-Respondent. [673 NYS2d 119] —Judgment, Supreme Court, New York County (Diane Lebedeff, J.), entered March 19, 1997, in an action to recover damages allegedly sustained as a result of inadequate building security, dismissing the complaint against the building owners and managing agent and the third-party complaint against a security guard company, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered December 5, 1996, which granted defendants' and third-party defendant's motions for summary judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The action was properly dismissed on the ground that the individual defendants are unable to show that the perpetrator was an intruder, or, assuming he was, how he entered this office building (*see*, *Maria S. v Willow Enters.*, 234 AD2d 177, 178). We would add that it also does not appear why the furnishing of a security guard in the lobby and of functioning locks and peepholes on the entrance doors to all of the building's offices were not reasonable security measures for this building with no significant history of crime. Moreover, even assuming such measures were not reasonable, plaintiffs' act of leaving the entrance door unlocked in anticipation of a lunch delivery and inviting the perpetrator in without checking his identity through the peephole was an intervening cause of the criminal act absolving defendants of any negligence (*see*, *Elie v Kraus*, 218 AD2d 629, 630-631, *lv denied* 88 NY2d 842). We have considered plaintiffs' other arguments, including that defendants are liable under Administrative Code of the City of New York § 27-127 and that there is a need for further disclosure, and find them to be without merit. Concur—Milonas, J. P., Rosenberger, Nardelli, Wallach and Rubin, JJ.