■ CARMEN P., an Infant, by Her Mother and Natural Guardian, MARIA P., et al., Appellants, v PS&S REALTY CORP., Respondent. [687 NYS2d 96] —Order, Supreme Court, Bronx County (Alan Saks, J.), entered October 28, 1997, granting defendant landlord's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the matter remanded for further proceedings.

On the afternoon of May 27, 1992, plaintiff Carmen P., who was then 14 years old, was raped by an unknown assailant who forced his way into her apartment. Plaintiff was alone in the apartment when the doorbell rang. She looked through the peephole and thought she recognized the man as a UPS delivery man, so she opened the door. The man was actually a stranger who forcibly assaulted her.

The small apartment building where plaintiff lived with her mother had a significant history of criminal activity. Both the plaintiff and her mother, as well as a fellow long-time tenant, testified to these facts in depositions and affidavits. There were many instances of intruders loitering in the hallways and committing robberies, assaults and drug crimes. In 1990, a 16-year-old girl was brought to the roof by some young men and sexually assaulted, after which she either jumped or was

thrown to her death. Plaintiff's apartment was burglarized twice in 1992. The tenants frequently complained to the prior landlord and then to defendant, who took over in January 1992. However, the intercom system and the lock on the building's only door were frequently broken and not promptly repaired. Neither the intercom nor the front door lock worked during the three months preceding plaintiff's rape. These crimes, and the tenants' protests against the poor security in the building, were periodically publicized in local newspapers. The prior landlord was reprimanded by City officials and entered into a voluntary agreement to correct the identified code violations, including the broken lock and the recurring presence of criminal intruders. Nonetheless, the problems persisted up to the time of the assault on plaintiff.

Plaintiff seeks to hold defendant liable on the grounds that defendant negligently breached its duty to take precautions against foreseeable criminal assaults on tenants. The motion court granted defendant's motion for summary judgment, reasoning (based on then-current case law) that plaintiff had not met her burden of proof on proximate cause. The motion court held that because plaintiff could not identify her assailant nor be certain how he gained entry to the building, she had not demonstrated a triable issue as to whether he was an intruder rather than a tenant or a guest thereof (*see, Borrero v New York City Hous. Auth.*, 236 AD2d 262). In light of the Court of Appeals' recent holding in *Burgos v Aqueduct Realty Co.* (92 NY2d 544), which implicitly called into question the validity of *Borrero* and like decisions,* we reverse.

Landlords have a duty to take minimal precautions against foreseeable criminal activity by third parties (*Jacqueline S. v City of New York*, 81 NY2d 288, 293). Where this duty is breached, a tenant who is victimized by a criminal in the building may recover damages from the landlord, if the failure to provide adequate security was a proximate cause of the assault (*Miller v State of New York*, 62 NY2d 506, 509).

Prior Appellate Division case law had tended to dismiss negligent security claims as unduly speculative, regardless of

---

* For instance, the United States District Court for the Southern District of New York recently interpreted *Burgos* to have overruled the previous cases' more demanding burden of proof. Although it is true that Appellate Division cases have required a plaintiff to offer proof on the means of entry (citing *Borrero*), it appears that the Court of Appeals (in *Burgos*) has changed the plaintiff's burden to providing evidence that the assailant more likely than not gained entrance through a negligently maintained entrance (*Tully v Sylvan Lawrence Co.*, 1999 US Dist LEXIS 1207, *9 [SD NY, Feb. 3, 1999, Martin, J.]).

the evidence of broken locks and other poor security measures, if plaintiff could not definitively rule out the possibility that her assailant was a tenant or guest (*see, e.g., Borrero v New York City Hous. Auth., supra; Kirsten M. v Bettina Equities Co.,* 222 AD2d 201, 202, *lv denied* 88 NY2d 813). *Burgos (supra)* rejected this overly stringent burden of proof on proximate cause in premises security cases. To defeat a motion for summary judgment, the plaintiff need not conclusively prove that the assailant was an intruder (*Burgos v Aqueduct Realty Co., supra,* at 550). However, mere speculation will not do. If the assailant's identity and his means of entry cannot be shown definitively, plaintiff must at least "present evidence from which intruder status may reasonably be inferred" (*supra,* at 551). As in other negligence cases, even at trial she would not be required to rule out all other possibilities, but merely to show that "the evidence renders it more likely or more reasonable than not that the assailant was an intruder who gained access to the premises through a negligently maintained entrance" (*supra,* at 551). Accordingly, her burden at the summary judgment stage can surely be no greater.

The Court of Appeals in *Burgos* found that a triable issue was created where plaintiff described a recent history of crimes in the building, claimed that she did not recognize the assailant, and alleged that none of the building entrances had functioning locks despite repeated complaints to the landlord (*supra,* at 548-549). All of those factors are present in the case at bar. Based on plaintiffs' submitted affidavits, the level of criminal activity in this building at the time of the incident far exceeded that in *Burgos* and was more akin to the intruder-infested building in *Jacqueline S.* (*supra*). Plaintiff has also raised a triable issue as to the foreseeability of this attack, contrary to defendant's claim of lack of notice (*Jacqueline S. v City of New York, supra,* at 295).

Defendant additionally argues that even if the rapist was an intruder, the chain of causation was broken by plaintiff's intervening negligent act of opening the door to him. At best, this argument creates a jury issue as to plaintiff's comparative negligence. An underage plaintiff should only be charged with the standard of care that is usual and common to children her age. Whether a child has exercised reasonable care for a person of her maturity and developmental level is typically a jury question (*see, Gonzalez v Medina,* 69 AD2d 14, 18). Where the child's actions, though perhaps negligent, were a foreseeable consequence of a circumstance created by defendant, liability will not be precluded (*Camacho v Conrail,* 156 AD2d 317, *ap-*

peal dismissed 76 NY2d 772). In *Camacho*, we upheld a partial verdict for a 12-year-old plaintiff who was injured when jumping onto a freight car and rejected the defendant's claim that the child's negligence was a superseding cause which absolved it of liability for failing to secure hazardous areas of the station against children who were known to play there. Plaintiff's own alleged negligence, if any, in the instant case appears to be far less severe. Thus we cannot say that defendant landlord is entitled to judgment as a matter of law.

The cases relied upon by defendant are factually distinguishable. In *Elie v Kraus* (218 AD2d 629, *lv denied in part and dismissed in part* 88 NY2d 842), the building had provided some security, including increased lighting and security guards in the common areas. The locks on the building's outer doors had been removed in favor of new inner apartment doors with an extra deadbolt and a peephole. Though presumably aware that under the new system, individuals' own doors were the main line of defense against intruders, the *adult* plaintiff buzzed the door open for his assailant *without* looking through the peephole (*supra*, at 629-630). Similarly, in *Benitez v Paxton Realty Corp.* (223 AD2d 431, 432), the adult plaintiff's negligence was deemed an intervening cause because he opened the locked apartment door after dark without looking through the peephole. The plaintiff's negligent security claim in *Maria S. v Willow Enters.* (234 AD2d 177) was dismissed for reasons unrelated to her decision to open the door to a person who could not be seen through the peephole. Here, by contrast, plaintiff did look through her peephole and only opened the door in the mistaken belief that the intruder was a UPS delivery man. It is for the jury to decide whether to reduce or deny her recovery based on this action. Concur—Rosenberger, J. P., Wallach, Rubin and Andrias, JJ.