■ CHANG SOO JANG, Respondent, v ANDREW JACKSON CONDOMINIUM, Appellant, et al., Defendant. [687 NYS2d 731] —In an action to recover damages for personal injuries, the defendant Andrew Jackson Condominium appeals from an order of the Supreme Court, Queens County (Milano, J.), dated February 5, 1998, which denied its motion for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendant is severed.

The plaintiff allegedly was assaulted and battered by the defendant Seiji Kanamura in a building owned by the appellant. Kanamura was a business associate of the plaintiff who had visited the plaintiff at this building on numerous prior occasions. The plaintiff alleged, *inter alia*, that the appellant was negligent in failing to stop Kanamura at the front desk of the building and by failing to warn him that Kanamura was in the building.

The appellant established its entitlement to judgment as a matter of law. In opposition, the plaintiff failed to produce evidence establishing that the appellant knew or should have known of the probability of conduct on the part of Kanamura which was likely to endanger the safety of the plaintiff (*see, Jacqueline S. v City of New York,* 81 NY2d 288, 294-295; *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 519-520; *Segale v Nu Wave Mar.,* 244 AD2d 326; *Davis v Jo-Ern Realty Corp.,* 239 AD2d 458). Moreover, the plaintiff's act of opening the locked apartment door, after verbally inquiring and looking through the peephole, and after dark, was an intervening cause of Kanamura's alleged attack, severing any liability of the appellant for failure to provide adequate security (*see, S.M.R.K., Inc. v 25 W. 43rd St. Co.,* 250 AD2d 487; *Rivera v New York City Hous. Auth.,* 239 AD2d 114; *Benitez v Paxton Realty Corp.,* 223 AD2d 431, 432; *Elie v Kraus,* 218 AD2d 629). O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.