■ LUZ DEL CARMEN MADERA, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. (And a Third-Party Action.) [694 NYS2d 391] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered March 27, 1998, granting summary judgment to defendant New York City Housing Authority and dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

It is undisputed that on July 17, 1991, the 21-year-old plaintiff lived with her parents and her brother in apartment 4B at 120 West 176th Street, Bronx, a premises that is part of a residential complex owned and operated by defendant. At approximately 8:30 P.M., when plaintiff, her parents and a family friend were in the apartment, a push-in robbery occurred, during which the plaintiff was sexually assaulted. The complaint alleged that plaintiff's injuries, caused by persons unknown, were the result of defendant's negligence in failing to maintain adequate security. More particularly, plaintiff alleged that the front door locks, intercom and buzzer systems were inoperable, thereby allowing intruders free access to the premises; that such condition existed and was known to defendant for approximately three years prior to the incident herein; and that tenants of the building premises had advised defendant of previous criminal activities in the building.

The court erred in concluding that, as a matter of law, evidence that plaintiff's father had opened the apartment door demonstrated a superseding event that severed the causal connection between defendant's alleged negligence and the assault of plaintiff in the apartment. In each of the cases relied upon by the motion court (*see, Benitez v Paxton Realty Corp.*, 223 AD2d 431; *Elie v Kraus*, 218 AD2d 629, *lv denied in part and dismissed in part* 88 NY2d 842), this Court ruled that where a plaintiff alleging negligence in building security let an intruder into an apartment during evening hours, "without first checking who was at the door," the action of the plaintiff served as an intervening cause of a criminal act committed in the apartment premises, severing any liability of the defendant for failure to provide adequate security (*Benitez v Paxton Realty Corp., supra,* at 432; *Elie v Kraus, supra,* at 630). In contrast, here, several eyewitnesses testified that, in response to a knock on the door, plaintiff and her father each, in turn, looked through the peephole on the door and kept a security chain on the door while inquiring who was at the door and for what purpose.

Further, although plaintiff's father apparently testified at deposition that he "released" the security chain on the door, his testimony was at best equivocal, particularly taking into account his difficulties with the interpreting process, and additionally, both plaintiff and another eyewitness testified that the chain was on the door when the intruder forced his way into the apartment. In the circumstances, the question of whether the conduct of plaintiff's father constituted an intervening cause was a factual issue which cannot be resolved on a motion for summary judgment (see, Morris v Lenox Hill Hosp., 232 AD2d 184, 185, affd 90 NY2d 953).

In light of the testimony that the intruders entered the building through the negligently maintained entrance door, questions of fact are presented as to whether plaintiff's injuries were proximately caused by defendant's negligent conduct (Burgos v Aqueduct Realty Corp., 92 NY2d 544, 550; Almonte v Shara Assocs., 248 AD2d 288), and whether reasonable security measures could have deterred the attack (see, Tarter v Schildkraut, 151 AD2d 414, lv denied 74 NY2d 616). Concur—Sullivan, J. P., Mazzarelli, Lerner, Rubin and Saxe, JJ.