■ VINCENT J. GRASSO, Appellant, v ERIE COUNTY et al., Respondents, et al., Defendants. [707 NYS2d 917] —Order unanimously affirmed without costs for reasons stated in decision at Supreme Court, Sedita, Jr., J. (Appeal from Order of Supreme Court, Erie County, Sedita, Jr., J.—Summary Judgment.) Present—Pine, J. P., Hayes, Kehoe and Lawton, JJ.

■ DANNY L. BULLOCK, Respondent, v BUFFALO MUNICIPAL HOUSING AUTHORITY, Appellant. [708 NYS2d 773] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Plaintiff was assaulted in his apartment and commenced this action alleging that defendant failed to provide adequate security for its tenants. Supreme Court erred in denying defendant's motion for summary judgment dismissing the complaint. It is undisputed that plaintiff, despite being uncertain of the identity of the individuals knocking on his apartment door, nevertheless unlocked and opened the door. Those individuals then assaulted plaintiff. The act of plaintiff in unlocking and opening the apartment door when he was uncertain who was seeking entry was an intervening cause of the assault, severing any liability of defendant for its alleged failure to provide adequate security (*see, Chang Soo Jang v Jackson Condominium*, 260 AD2d 420; *S.M.R.K., Inc. v 25 W. 43rd St. Co.*, 250 AD2d 487, *lv denied* 92 NY2d 817; *Elie v Kraus*, 218 AD2d 629, 630-631, *lv dismissed* 88 NY2d 842). With respect to plaintiff's contention that liability may be premised on a defective peephole in plaintiff's door, defendant met its initial burden of establishing that it had no actual or constructive notice of the alleged defective condition, and plaintiff failed to raise an issue of fact (*see, Appleby v Webb*, 186 AD2d 1078; *Brown v Marathon Realty*, 170 AD2d 426). (Appeal from Order of Supreme Court, Erie County, Notaro, J.— Summary Judgment.) Present—Pine, J. P., Hayes, Kehoe and Lawton, JJ.