■ DAVID RADLIN, Appellant, v ALON BRENNER et al., Defendants, and GRAVID HILL, L. L. C., Doing Business as CAMPUS HILL APARTMENTS, Respondent. [723 NYS2d 795] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he was assaulted in premises owned by Gravid Hill, L. L. C., d/b/a Campus Hill Apartments (defendant). Plaintiff alleges that his injuries resulted from the breach by defendant of its "common-law duty to take minimal precautions to protect tenants from foreseeable harm" (*Jacqueline S. v City of New York,* 81 NY2d 288, 293-294, *rearg denied* 82 NY2d 749) and the breach of its contractual duty to provide "locked hallways for resident protection." Those alleged breaches of duties are based upon defendant's alleged failure to provide a functioning lock on the outside door, allowing plaintiff's assailant access to the building.

Supreme Court properly granted the motion of defendant for summary judgment dismissing the complaint against it. Defendant submitted undisputed proof that plaintiff's apartment doors were equipped with functioning peepholes and locks, and

that the doors were unlocked when the assailant entered the apartment. The proof further establishes that plaintiff voluntarily accompanied the assailant into the hallway, where the assault occurred. Under those circumstances, plaintiff's conduct in leaving the apartment door unlocked and following the assailant into the hallway constituted an intervening cause of the assault, relieving defendant of liability for its alleged failure to provide adequate security (*see, S.M.R.K., Inc. v 25 W. 43rd St. Co.,* 250 AD2d 487, *lv denied* 92 NY2d 817; *see also, Bullock v Buffalo Mun. Hous. Auth.,* 272 AD2d 895). (Appeal from Order of Supreme Court, Erie County, Joslin, J.—Summary Judgment.) Present—Green, J. P., Hurlbutt, Scudder, Burns and Lawton, JJ.