■ SHARON TORRES et al., Respondents, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [739 NYS2d 197] —In an action to recover damages for personal injuries, etc., the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Barron, J.), dated December 1, 2000, as denied its motion for summary judgment dismissing the complaint and granted the plaintiffs' cross motion for leave to amend the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed, and the cross motion is denied as academic.

The plaintiffs claim that the infant plaintiff was assaulted by two brothers, who were able to gain access to the plaintiffs' apartment building because the locks on the outside doors were nonexistent or defective. The infant plaintiff knew the two brothers, who lived in an adjoining building. As the infant plaintiff was going home for dinner, he saw the brothers standing in front of their building, and asked them to let him know if a mutual acquaintance, "Torry," intended to visit the infant plaintiff that night.

The infant plaintiff went home and ate dinner. According to the infant plaintiff, after dinner, the brothers knocked on his door, he "looked through the peephole," and opened the door. The brothers told the infant plaintiff that Torry would not be visiting him. The infant plaintiff replied "all right, thanks." As the infant plaintiff was about to close the door to his apartment, one of the brothers yanked the door, and the other brother grabbed the infant plaintiff. The brothers stabbed the infant plaintiff, causing serious personal injuries.

The plaintiffs commenced this action against the defendant, alleging that the assailants gained access to the building because the defendant negligently failed to provide operative locks on the entrance doors. The order appealed from, inter alia, denied the defendant's motion for summary judgment, and granted the plaintiffs' cross motion for leave to amend the complaint to assert that failure to maintain the locks and an intercom or buzzer system constituted statutory violations. We reverse.

The infant plaintiff's act of opening the locked apartment door for his acquaintances, after looking through the peephole, severed any liability of the defendant for failure to provide adequate security (*see, Chang Soo Jang v Jackson Condominium,* 260 AD2d 420; *cf., Mason v U.E.S.S. Leasing Corp.,* 96 NY2d 875, 878). The infant plaintiff's belated assertions to the contrary constitute feigned factual issues, designed to avoid the

consequences of earlier admissions (*see, McGuire v Quinnonez,* 280 AD2d 587).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been granted. Altman, J.P., Krausman, Goldstein and H. Miller, JJ., concur.