■ MICHAEL BRATHWAITE, Respondent, v NEW YORK CITY HOUSING AUTHORITY et al., Appellants, et al., Defendants. [938 NYS2d 636]—

On August 24, 2007, the plaintiff was assaulted inside the apartment of his girlfriend, Patsy Williams, in a complex owned by the defendant New York City Housing Authority (hereinafter NYCHA). The assailants were Patsy's adult sons, Glenn and Douglas Williams. Douglas was a registered tenant who lived in the apartment with Patsy. Glenn had resided in the apartment as well until 2003, when NYCHA permanently barred him from entering the NYCHA development because he had shot someone in a neighboring NYCHA building. NYCHA required Patsy to agree that, for as long as she resided in NYCHA housing, she would not let Glenn reside in or visit her apartment. Thereafter, NYCHA special investigators made unannounced visits to Patsy's apartment to enforce the exclusion order. On March 30, 2005, they found Glenn lying in a bed inside the apartment, and Patsy told them that she had let Glenn into the apartment to visit his son, who continued to live there. NYCHA placed Patsy on probationary tenancy for violation of the exclusion agreement.

The plaintiff was present when Glenn was found in the apartment. The plaintiff testified at his deposition that Glenn had been allowed into the apartment on multiple other occasions after Glenn had been excluded. The plaintiff never reported Glenn's presence to NYCHA, although he knew that it was improper.

The plaintiff commenced this action against, among others, NYCHA and the defendant American Security Systems, Inc. (hereinafter American), the company responsible for maintain-

ing the intercom system at the premises, alleging, inter alia, that the building's security was inadequate because the lock and intercom system for the exterior door to the building were broken, thereby allowing Glenn free access to the building. American moved, among other things, for summary judgment dismissing the complaint insofar as asserted against it, and NYCHA separately moved for summary judgment dismissing the complaint insofar as asserted against it. American and NYCHA argued, among other things, that any negligence on their part did not proximately cause the incident since the assailant was a former tenant and member of the tenants' family who repeatedly had been invited into the apartment by his family despite NYCHA's exclusion order. The Supreme Court denied NYCHA's motion and that branch of American's motion which was for summary judgment, concluding that a triable issue of fact existed as to whether Glenn was an intruder who entered the building through a negligently maintained entrance. American appeals, NYCHA separately appeals, and we reverse the order insofar as appealed from.

Landlords have a common-law duty to take minimal precautions to protect tenants from the reasonably foreseeable criminal conduct of third parties (see Mason v U.E.S.S. Leasing Corp., 96 NY2d 875, 878 [2001]; Burgos v Aqueduct Realty Corp., 92 NY2d 544, 548 [1998]; Jacqueline S. v City of New York, 81 NY2d 288, 293-294 [1993]). This duty extends to a guest of a tenant (see Waters v New York City Hous. Auth., 69 NY2d 225, 230-231 [1987]). If a tenant or guest is assaulted by an intruder, recovery against the landlord requires a showing that the landlord's conduct was a proximate cause of the injury (see Burgos v Aqueduct Realty Corp., 92 NY2d at 548, citing Miller v State of New York, 62 NY2d 506, 509 [1984]).

American established its entitlement to judgment as a matter of law by demonstrating that it was not a landlord and, thus, owed no duty to the plaintiff. American merely had a contract with NYCHA, which was the landlord, to perform certain repairs to the intercom system at the subject premises. "Generally, a contractual obligation standing alone will not give rise to tort liability in favor of a third party" (Petry v Hudson Val. Pavement, Inc., 78 AD3d 1145, 1146 [2010]; see Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]; Bienaime v Reyer, 41 AD3d 400, 403 [2007]). However, liability may be assigned where a contracting party, in "failing to exercise reasonable care in the performance of his duties, launche[s] a force or instrument of harm;" where a plaintiff "detrimentally relies on the continued performance of the contracting party's duties;" or where "the

contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d at 140, 141-142; *see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257 [2007]). In opposition to American's showing, the plaintiff failed to raise a triable issue of fact as to the applicability of any of the three exceptions set forth in *Espinal* (*see Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214 [2010]; *Espinal v Melville Snow Contrs.*, 98 NY2d at 140-142). Where, as here, the plaintiff failed to allege facts in his complaint or in his bill of particulars which would establish the applicability of any of the three exceptions set forth in *Espinal*, American, in establishing its prima facie entitlement to judgment as a matter of law, was "not required to negate the possible applicability of any of [those] exceptions" (*Foster v Herbert Slepoy Corp.*, 76 AD3d at 214; *see Espinal v Melville Snow Contrs.*, 98 NY2d at 140-142).

Moreover, and contrary to the plaintiff's contention, both NYCHA and American established their prima facie entitlement to judgment as a matter of law by demonstrating that any negligence on their part was not a proximate cause of the injuries sustained by the plaintiff. The plaintiff claimed that security was inadequate because NYCHA and American failed to repair a broken lock on the entrance to the building. However, the plaintiff testified at his deposition that the two locks on the door to Patsy's apartment were functioning on the day in question. He further testified that he did not know how Glenn entered the apartment prior to the assault, that he and Patsy may have left the door unlocked when they entered earlier that day, and that Glenn may have had a key in any event. There was no testimony or documentary evidence arising from the investigation of the incident which suggested that Glenn had forcibly entered the apartment, or that he gained access other than through the front door. Thus, even if Glenn entered the building of his own accord because of the inoperative lock, he could not have gained access to the interior of the apartment where the assault occurred unless, as had been done on prior occasions, a family member let him in, furnished him with a key, or left the door unlocked.

In opposition to the prima facie showing made by NYCHA and American in connection with the issue of proximate cause, the plaintiff failed to come forward with any evidence that Glenn was an intruder rather than an invitee in the apartment (*see Lester v New York City Hous. Auth.*, 292 AD2d 510, 511 [2002]; *Torres v New York City Hous. Auth.*, 292 AD2d 519 [2002]; *Radlin v Brenner*, 283 AD2d 948, 949 [2001]; *Chang Soo*

*Jang v Jackson Condominium*, 260 AD2d 420 [1999]; *S.M.R.K., Inc. v 25 W. 43rd St. Co.*, 250 AD2d 487 [1998]) and, thus, failed to raise a triable issue of fact as to whether the alleged negligence of NYCHA and American in failing to properly maintain the front door lock was a proximate cause of his injuries.

Accordingly, the Supreme Court should have awarded NYCHA and American summary judgment dismissing the complaint insofar as asserted against each of them.

The parties' remaining contentions either are without merit or need not be considered in view of the foregoing. Mastro, A.P.J., Angiolillo, Eng and Cohen, JJ., concur. **[Prior Case History: 2011 NY Slip Op 30187(U).]**