Order, Supreme Court, New York County (Joan M. Kenney, J.), entered February 22, 2012, which denied defendants’ motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment dismissing the complaint.
Plaintiff, a tenant in a building owned and managed by defendants, was assaulted by an intruder who gained access to the building when she opened the door for him and he subsequently pushed his way into her apartment while she was attempting to lock her deadbolt. The complaint should have been dismissed, as plaintiff failed to submit any evidence of a defect in security that caused her assault. Indeed, she admittedly opened a perfectly functioning lock to allow her assailant access to the building. Under such circumstances, summary judgment is appropriate (see Elie v Kraus, 218 AD2d 629, 630-631 [1st Dept 1995], lv dismissed and denied 88 NY2d 842 [1996]; compare Mason v U.E.S.S. Leasing Corp., 274 AD2d 79 [1st Dept 2000], affd 96 NY2d 875 [2001]).
With respect to plaintiffs allegations that her apartment door had been disabled by defendants’ porter, plaintiff admitted that one of the two locks on her door was disabled with her express permission in order for her to gain access to her apartment after locking herself out. Plaintiff refused to allow the locksmith to replace the lock that day, citing the cost. In any event, the apartment door’s deadbolt lock was functional and would have kept out the intruder had he not been close behind plaintiff as a result of her allowing him entrance into the building. Concur— *908 Friedman, J.P., Acosta, Abdus-Salaam, Manzanet-Daniels and Román, JJ.