■ LUCINDA BELLO et al., Appellants, v CAMPUS REALTY LLC et al., Respondents, et al., Defendants. [953 NYS2d 41]—

Campus Realty, as the owner of the subject building, owed the plaintiff residents a duty to take minimal security precautions to protect them from foreseeable criminal acts (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 551 [1998]; *Wayburn v Madison Land Ltd. Partnership*, 282 AD2d 301, 303 [1st Dept 2001]). Questions of fact exist as to whether Campus Realty breached that duty by failing to remedy the allegedly broken lock on the building's front door entrance, despite notice of the dangerous condition (*see Carmen P. v PS&S Realty Corp.*, 259 AD2d 386, 388 [1st Dept 1999]). Plaintiffs testified that the front door lock was broken, that the condition existed for at least two weeks before they were allegedly robbed by intruders, and that they told the superintendent and the property manager's secretary

about the broken lock shortly before the robbery (*see id.*). Issues of fact also exist as to whether the robbery of plaintiffs was foreseeable, given the evidence of prior crimes, including robberies, in and around the building (*see Jacqueline S. v City of New York*, 81 NY2d 288, 294-295 [1993]).

As to proximate cause, an issue of fact exists as to whether the assailants were intruders who entered the building through the allegedly defective front door. Plaintiff Bello testified that she had been residing in the building since 1997, that she was familiar with the tenants, and that the intruders, who were impersonating police officers, were not residents (*see Burgos*, 92 NY2d at 551-552; *Esteves v City of New York*, 44 AD3d 538, 539 [1st Dept 2007]). Further, an issue of fact exists as to whether plaintiff Garcia's act of opening the front door of plaintiffs' apartment constituted an intervening event that severed the causal chain (*see Madera v New York City Hous. Auth.*, 264 AD2d 579, 579-580 [1st Dept 1999]). Indeed, plaintiffs testified that Garcia opened the door to take out the trash and go to the gym, and that the intruders pushed him into the apartment, forced him down to the floor, and handcuffed him (*see id.* at 580). With respect to damages, the evidence defendants submitted was insufficient to make a prima facie showing that plaintiffs did not suffer psychological injuries as a result of the incident.

Supreme Court properly dismissed the complaint as against defendant Khan, Campus Realty's managing member and property manager, since there is no allegation or indication in the record that Khan intentionally perpetrated a wrong or injustice (*see East Hampton Union Free School Dist. v Sandpebble Bldrs., Inc.*, 16 NY3d 775, 776 [2011]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Richter and Román, JJ.