■ ELOISA HIERRO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [998 NYS2d 365]—

Order, Supreme Court, Bronx County (Edgar G. Walker, J.), entered November 14, 2013, which denied defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

A landlord has a common-law duty to take minimal precautions to protect tenants from a third party's foreseeable criminal conduct (*Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]). In order to recover damages, a tenant must establish that the landlord's negligent conduct was a proximate cause of the injury (*id.*). Where a plaintiff alleges that a criminal attack in a building was proximately caused by a landlord's failure to provide adequate security, "[the] plaintiff can recover only if the assailant was an intruder" (*id.* at 551). "To defeat a motion for summary judgment, a plaintiff need not conclusively establish that the assailants were intruders, but must raise triable issues of fact as to whether it was more likely than not that the assailants were intruders who gained access to the premises through the negligently-maintained entrance" (*Chunn v New York City Hous. Auth.*, 83 AD3d 416, 417 [1st Dept 2011]). Applying these principles, no triable issue of fact exists here because there is no

evidence from which a jury could conclude, without pure speculation, that the assailants were intruders, as opposed to tenants or invitees. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Richter and Feinman, JJ.