ANTHONY MARTINEZ, Appellant, v CITY OF NEW YORK et al., Respondents. [61 NYS3d 562]—

Appeals from two orders of the Supreme Court, Kings County (Dawn Jimenez-Salta, J.), both entered February 4, 2015. The first order granted the motion of the defendant New York City Housing Authority for summary judgment dismissing the complaint insofar as asserted against it. The second order, insofar as appealed from, granted those branches of the motion of the defendants City of New York and Derby St. Fort which were for summary judgment dismissing the third, fifth, and sixth causes of action and dismissing the first and second causes of action insofar as asserted against the defendant City of New York.

Ordered that the first order is affirmed; and it is further,

Ordered that the second order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

On August 31, 2009, the plaintiff was shot in the leg by an unknown assailant in the hallway of his apartment building, which was owned by the defendant New York City Housing Authority (hereinafter NYCHA). After gaining entry to his apartment, the plaintiff called the 911 emergency number, and shortly thereafter, police officers arrived and the plaintiff was transported to the hospital. While the plaintiff was at the hospital, police officers, upon learning that there was an outstanding warrant for the plaintiff's arrest, arrested the plaintiff and took him into custody. Meanwhile, the defendant Derby St. Fort, one of the police officers who responded to the plaintiff's 911 phone call, was searching the plaintiff's apartment for other potential victims and the assailant when he saw, in plain view, a ziplock sandwich bag containing a white substance, which, based upon his prior experience, looked like cocaine. Although a small amount of the substance was subjected to a preliminary field test that was negative for cocaine, the remaining amount was ultimately vouchered on the same day as the shooting with the police property clerk's office for laboratory testing. Based upon what he had found in the plaintiff's apartment, St. Fort secured a search warrant for the rest of the apartment, and upon a further search thereof, he discovered a pipe with marijuana residue, and hundreds of ziplock bags commonly used for illegal drug packaging. Subsequently, St. Fort signed a criminal complaint against the plaintiff, prepared by an assistant district attorney, based upon the items that were found in the plaintiff's apartment, which were believed to be controlled substances and drug paraphernalia. Ultimately, the white substance tested negative in the laboratory testing for narcotics, and all charges were eventually dropped against the plaintiff, who, after spending the period of August 31, 2009, to September 4, 2009, in confinement, was released on September 5, 2009, upon a court order of release issued the previous day.

The plaintiff commenced this action against NYCHA, the City of New York, and St. Fort, alleging, in the first and second causes of action, negligence on the part of NYCHA and the City in failing to provide a properly functioning lock on the rear door of the subject apartment building, and in failing to secure the premises from intruders. In addition, insofar as rel-

evant here, the plaintiff alleged, in the third, fifth, and sixth causes of action, false arrest, wrongful imprisonment, and malicious prosecution, respectively, against the City and St. Fort, with respect to his arrest at the hospital, his imprisonment, and the allegedly baseless criminal charges brought against him which were eventually dismissed.

Following the commencement of this action, NYCHA moved for summary judgment dismissing the complaint insofar as asserted against it on the ground that the plaintiff was unable to prove that its alleged negligence in failing to provide a properly locking rear door at the premises was a proximate cause of his injuries. NYCHA also contested the plaintiff's assertion that the door lock was not operating properly on the date of the incident. In support of the motion, NYCHA submitted, inter alia, the deposition testimony of the subject building's caretaker/superintendent, who testified that he inspected the rear door lock on the date of the incident and found it to be in working condition, as well as reports of recent inspections prior to the incident documenting the good working condition of the rear door lock, and the plaintiff's deposition testimony that he did not know the condition of the rear door lock on the day of the incident. The plaintiff appeals from an order granting NYCHA's motion.

In a separate order, the Supreme Court, inter alia, granted those branches of a motion by the City and St. Fort (hereinafter together the City defendants) which were for summary judgment dismissing the third, fifth, and sixth causes of action and dismissing the first and second causes of action insofar as asserted against the City. The plaintiff appeals from that order as well.

"Landlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm, including foreseeable criminal conduct by a third person" (*Mason v U.E.S.S. Leasing Corp.*, 96 NY2d 875, 878 [2001]; *see Burgos v Aqueduct Realty Corp.*, 92 NY2d 544, 548 [1998]; *Jacqueline S. v City of New York*, 81 NY2d 288, 293-294 [1993]). Recovery against a landlord for an assault committed by a third party requires a showing that the landlord's negligent failure to provide adequate security was a proximate cause of the injury (*see Burgos v Aqueduct Realty Corp.*, 92 NY2d at 548; *Brathwaite v New York City Hous. Auth.*, 92 AD3d 821, 823 [2012]). "In premises security cases particularly, the necessary causal link between a landlord's culpable failure to provide adequate security and a tenant's injuries resulting from a criminal attack in the building can be established only if the assailant gained access to the

premises through a negligently maintained entrance. Since even a fully secured entrance would not keep out another tenant, or someone allowed into the building by another tenant, plaintiff can recover only if the assailant was an intruder" (*Burgos v Aqueduct Realty Corp.*, 92 NY2d at 550-551).

Here, NYCHA met its prima facie burden by submitting evidence that the rear door lock was operable and not broken on the day of the incident, and, in any event, by demonstrating that the assailant's identity remains unknown and that it could not be established that the assailant was an intruder (*see Patton v New York City Hous. Auth.*, 140 AD3d 659 [2016]; *Hierro v New York City Hous. Auth.*, 123 AD3d 508 [2014]; *Schuster v Five G. Assoc., LLC*, 56 AD3d 260 [2008]). In opposition thereto, the plaintiff failed to raise a triable issue of fact. "Mere conjecture, suspicion, or speculation is insufficient to defeat a motion for summary judgment" (*Latuso v Maresca*, 150 AD3d 712, 713 [2017]). Accordingly, the Supreme Court properly granted NYCHA's motion for summary judgment dismissing the complaint insofar as asserted against it.

Furthermore, since NYCHA, and not the City, is the owner of the building where the shooting took place, the City cannot be held liable under the same theory as that advanced against NYCHA (*see Rivera v City of New York*, 90 AD3d 735 [2011]). Moreover, with regard to the plaintiff's theory that police officers had broken the lock on the rear door of the building while gaining entry to the building on prior occasions, the plaintiff, in response to the evidence showing that the lock was in working order on the day of the incident, failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the City defendants' motion which was for summary judgment dismissing the first and second causes of action insofar as asserted against the City.

"The existence of probable cause constitutes a complete defense to causes of action alleging false arrest, false imprisonment, and malicious prosecution" (*Paulos v City of New York*, 122 AD3d 815, 817 [2014]; *see Shaw v City of New York*, 139 AD3d 698, 699 [2016]). Where an arrest warrant has been issued by a court of competent jurisdiction, there is a presumption that the arrest under that warrant was made on probable cause, thus precluding liability for false arrest, false imprisonment, or malicious prosecution (*see Washington-Herrera v Town of Greenburgh*, 101 AD3d 986 [2012]; *see also Mahoney v State of New York*, 147 AD3d 1289 [2017]; *Nadal v City of New York*, 105 AD3d 598 [2013]).

Here, the City defendants demonstrated their prima facie

entitlement to judgment as a matter of law dismissing the third, fifth, and sixth causes of action, which alleged false arrest, wrongful imprisonment, and malicious prosecution, respectively, by submitting proof that the plaintiff was arrested pursuant to a facially valid arrest warrant, and thus, the arrest was made on probable cause. In opposition thereto, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the City defendants' motion which was for summary judgment dismissing the third, fifth, and sixth causes of action.

The plaintiff's remaining contention is improperly raised for the first time on appeal. Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.