Aminova v New York City Hous. Auth. (2019 NY Slip Op 00083)





Aminova v New York City Hous. Auth.


2019 NY Slip Op 00083


Decided on January 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
ROBERT J. MILLER
ANGELA G. IANNACCI, JJ.


2016-13125
 (Index No. 20517/09)

[*1]Susanna Aminova, etc., et al., appellants, 
v
New York City Housing Authority, respondent.


Weiss & Akerman, P.C. (Robert Weiss and TallerGallet, LLC, Forest Hills, NY [Regis A. Gallet], of counsel), for appellants.
Herzfeld & Rubin, P.C., New York, NY (Miriam Skolnik and Linda M. Brown of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and wrongful death, the plaintiffs appeal from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated October 18, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The action arises from the shooting of Imonil Aminov (hereinafter the decedent) by an unidentified assailant in the vestibule of a building owned and operated by the defendant, New York City Housing Authority. The plaintiffs commenced this action, inter alia, to recover damages for personal injuries and wrongful death, alleging that on or about November 10, 2008, at approximately 10:00 a.m., on the premises known as the Brownsville Housing Development, and more particularly, inside the lobby of the building and premises known as 341 Dumont Avenue in Brooklyn, the decedent, while delivering food to the elderly on behalf of an organization known as "Meals on Wheels," was shot and killed by an intruder, who was able to gain access to the building as a result of the defendant's negligence in failing to properly secure the building. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The plaintiffs appeal.
"Landlords have a common-law duty to take minimal precautions to protect tenants from foreseeable harm,' including a third party's foreseeable criminal conduct" (Burgos v Aqueduct Realty Corp., 92 NY2d 544, 548, quoting Jacqueline S. v City of New York, 81 NY2d 288, 293-294; see Martinez v City of New York, 153 AD3d 803, 805; Alvarez v Masaryk Towers Corp., 15 AD3d 428, 428). This duty extends to the guests of a tenant (see id.). A tenant or guest may recover damages, however, only on a showing that the landlord's negligent conduct was a proximate cause of the injury (see Burgos v Aqueduct Realty Corp., 92 NY2d at 548; Miller v State of New York, 62 NY2d 506, 509; Martinez v City of New York, 153 AD3d at 805). "In premises security cases particularly, the necessary causal link between a landlord's culpable failure to provide adequate security and a tenant's injuries resulting from a criminal attack in the building can be established [*2]only if the assailant gained access to the premises through a negligently maintained entrance. Since even a fully secured entrance would not keep out another tenant, or someone allowed into the building by another tenant, plaintiff can recover only if the assailant was an intruder" (Burgos v Aqueduct Realty Corp., 92 NY2d at 550-551; see Martinez v City of New York, 153 AD3d at 805-806).
Here, the defendant established its prima facie entitlement to judgment of a matter of law by presenting evidence that the lock on the only entrance to 341 Dumont Avenue was operable on the day of the incident (see Martinez v City of New York, 153 AD3d at 806; Schuster v Five G. Assoc., LLC, 56 AD3d 260; Alvarez v Masaryk Towers Corp., 15 AD3d at 429; Lester v New York City Hous. Auth., 292 AD2d 510, 511). In opposition, however, the plaintiffs raised triable issues of fact as to whether the decedent's assailant was an intruder who entered the building through a negligently maintained entrance (see Burgos v Aqueduct Realty Corp., 92 NY2d at 552; Jacqueline S. v City of New York, 81 NY2d at 295; Venetal v City of New York, 21 AD3d 1087, 1091; Carmen P. v PS & S Realty Corp., 259 AD2d 386, 388). Accordingly, the order appealed from must be reversed and the defendant's motion for summary judgment denied.
DILLON, J.P., BALKIN, MILLER and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court