Morel v City of New York (2020 NY Slip Op 06058)





Morel v City of New York


2020 NY Slip Op 06058


Decided on October 27, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 27, 2020

Before: Gische, J.P., Oing, Scarpulla, Mendez, JJ. 


Index No. 21087/12 Appeal No. 12211-12211A Case No. 2019-4576 

[*1]Luis Paulino Morel, Plaintiff-Appellant,
v
The City of New York, et al., Defendants-Respondents.


Queller, Fisher, Washor, Fuchs & Kool and The Law Office of William A. Gallina, LLP, Bronx (Pablo A. Sosa of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (John Moore of counsel), for City of New York, respondent.
Herzfeld & Rubin, P.C., New York (Linda M. Brown of counsel), for The New York City Housing Authority, respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 19, 2019, which granted the motion by defendant The New York City Housing Authority for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs. Order, same court and Justice, entered on or about March 20, 2019, which granted the motion by defendant The City of New York for summary judgment dismissing the complaint and all cross claims against it, unanimously affirmed, without costs.
Summary judgment was properly granted dismissing all claims against The New York City Housing Authority (NYCHA). NYCHA met its prima facie burden of establishing that it neither created nor had notice of any alleged broken locks. Although there is evidence suggesting that the front door locks were broken at various points over the prior year, there is no evidence that the locks were broken on the date of the incident. Plaintiff failed to raise an issue of fact on this issue. Plaintiff admitted that, on the date of the incident, someone held the door open for him; as such, he would not have had occasion to test the lock. Plaintiff also failed to raise issues of fact as to whether it was more likely than not that the assailants were intruders, as he admitted that he did not know how the assailants entered, and their identities remain unknown (see Smith v New York City Hous. Auth., 130 AD3d 427, 427 [1st Dept 2015]; see also generally Hierro v New York City Hous. Auth., 123 AD3d 508, 508 [1st Dept 2014]).
Summary judgment was also properly granted dismissing all claims against The City of New York (the City). The City met its prima facie burden of establishing that no special relationship existed which would give rise to a special duty to protect the plaintiff. Plaintiff's statement that the police officer nodded to him is insufficient to create an issue of fact as to whether a special relationship with the City was established (see Ewadi v City of New York, 117 AD3d 439, 440 [1st Dept 2014]; Brown v City of New York, 73 AD3d 1113, 1114-15 [2d Dept 2010]). In view of our disposition of this issue, we need not reach the question of governmental function immunity.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 27, 2020