Sanchez v City of New York (2021 NY Slip Op 00446)





Sanchez v City of New York


2021 NY Slip Op 00446


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
PAUL WOOTEN, JJ.


2018-11463
 (Index No. 766/13)

[*1]Teresa Sanchez, appellant, 
v
City of New York, et al., respondents.


Sacco & Fillas LLP, Astoria, NY (Adam R. Nichols of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Scott Shorr and Ashley R. Garman of counsel), for respondents City of New York and New York City Department of Education.
Harfenist Kraut & Perlstein, LLP, Lake Success, NY (Steven J. Harfenist of counsel), for respondent Marlon Perez.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Katherine A. Levine, J.), dated June 22, 2018. The order granted the separate motions of the defendants City of New York and New York City Department of Education, and the defendant Marlon Perez, for summary judgment dismissing the complaint insofar as asserted against each of them, and denied, as academic, the cross motion of the plaintiff which was for leave to amend the notice of claim.
ORDERED that the order is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On Saturday morning, December 10, 2011, the plaintiff, a school teacher employed by the defendant New York City Department of Education (hereinafter the DOE), reported to the school where she worked. As the plaintiff was leaving the building, she realized that she had forgotten her purse, shouted to her colleagues to wait for her, and returned to her classroom. Before she reached her classroom, an alarm began to sound. After unsuccessfully searching for her purse,
the plaintiff returned to the lobby, and because an alarm was sounding, decided to leave the building using the nearest fire exit. The fire exit led to a courtyard that was separated from the adjacent sidewalk by a four- or five-foot-tall wrought iron fence and gate which was locked. The plaintiff tried to climb over the fence, and in the process, allegedly sustained personal injuries.
The plaintiff commenced this action against the City of New York, the DOE, and Marlon Perez, asserting, inter alia, that the fire alarm was negligently set off. The City and the DOE (hereinafter together the City defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. Separately, Perez moved for summary judgment dismissing the complaint insofar as asserted against him. The plaintiff opposed the motions, and cross-moved for leave to amend the notice of claim. In the order appealed from, the Supreme Court granted the [*2]defendants' respective motions, and denied the plaintiff's cross motion as academic. The plaintiff appeals.
The Supreme Court's determination granting that branch of the City defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against the City was properly granted, since the City cannot be held liable for torts committed by the DOE (see K.B. v City of New York, 166 AD3d 744, 745; Matter of Allende v City of New York, 69 AD3d 931, 932).
With respect to the alleged liability of the DOE and Perez, the defendants established, prima facie, that the alarm the plaintiff heard that afternoon was the security alarm, which had been triggered after Perez was no longer in the building and after he had traveled several blocks away. Perez was alerted to the alarm when he received a call from the "central board" telling him that the police were responding to the alarm, and he, in turn, returned to the school. In opposition, the plaintiff failed to raise a triable issue of fact, and instead asserted, inter alia, that Perez had intentionally pulled the fire alarm that afternoon based upon his alleged demeanor after the accident, which she characterized as that of someone who perpetrated a prank. However, mere conjecture, suspicion, or speculation, is insufficient to defeat a motion for summary judgment (see Martinez v City of New York, 153 AD3d 803, 806; Latuso v Maresca, 150 AD3d 712, 713). The plaintiff further relied upon hearsay evidence that, in conjunction with her limited non-hearsay evidence, failed to raise a triable issue of fact (see Feinberg v Sanz, 115 AD3d 705, 707).
In opposition to the separate motions for summary judgment, the plaintiff improperly raised new theories of liability, to wit, that Perez was negligent when he armed the security system before the building's occupants had cleared the building, and by locking the gate to the street. "'A plaintiff cannot, for the first time in opposition to a motion for summary judgment, raise a new or materially different theory of recovery against a party from those pleaded in the complaint and the bill of particulars'" (Anonymous v Gleason, 175 AD3d 614, 617, quoting Palka v Village of Ossining, 120 AD3d 641, 643; see Troia v City of New York, 162 AD3d 1089, 1092). In any event, the plaintiff's act of climbing the fence after exiting the building was the unforeseeable sole proximate cause of her alleged injury (see Lin v City of New York, 117 AD3d 913, 914; Guida v 154 W. 14th St. Co., 13 AD2d 695, 696, affd 11 NY2d 731).
In light of the foregoing, the Supreme Court properly denied, as academic, the
plaintiff's cross motion to amend the notice of claim.
DILLON, J.P., HINDS-RADIX, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court