Crystal v Atlas Roll-Off Corp. (2025 NY Slip Op 02316)

Crystal v Atlas Roll-Off Corp.

2025 NY Slip Op 02316

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ROBERT J. MILLER, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-08734
 (Index No. 151078/19)

[*1]Phyllis Crystal, respondent, 
v
Atlas Roll-Off Corp., appellant.

Harwood Lloyd, LLC, New York, NY, for appellant.
Cartier, Bernstein, Auerbach & Steinberg, P.C., Patchogue, NY (Kenneth A. Auerbach and Robert G. Steinberg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated August 3, 2023. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
On May 5, 2017, the plaintiff tripped and fell while ascending what were allegedly steps on an exterior "staircase" adjacent to a courthouse located in Staten Island. The Dormitory Authority of the State of New York had retained the defendant to construct the alleged steps. The project was completed in 2013 or 2014. The defendant did not design the alleged steps. According to an employee of the City of New York's Department of Citywide Administrative Services (hereinafter DCAS), DCAS maintained the area where the accident occurred, which was not a staircase, but rather a "decorative area."
The plaintiff commenced this action against the defendant to recover damages for personal injuries that she allegedly sustained when she tripped and fell. She testified at her deposition that there was a crack on top of the alleged second step and that she fell when her left foot went into the crack.
The defendant moved for summary judgment dismissing the complaint, contending, inter alia, that it did not create the alleged condition that caused the plaintiff's fall and that it had no duty to maintain the area where the plaintiff fell. In an order dated August 3, 2023, the Supreme Court denied the defendant's motion. The defendant appeals.
"As a general rule," liability for a defective condition on real property "must be predicated upon ownership, occupancy, control, or special use of the property" (Misa v Town of Brookhaven, 212 AD3d 804, 805-806; see Donatien v Long Is. Coll. Hosp., 153 AD3d 600, 600-601). "'The existence of one or more of these elements is sufficient to give rise to a duty of care'" (Tilford v Greenburgh Hous. Auth., 170 AD3d 1233, 1235, quoting Micek v Greek Orthodox Church of Our Savior, 139 AD3d 830, 831). "Where none is present," a party generally cannot be held liable [*2]for injuries caused by a defective condition on the property (Ruffino v New York City Tr. Auth., 55 AD3d 819, 820 [internal quotation marks omitted]; see Chernoguz v Mirrer Yeshiva Cent. Inst., 121 AD3d 737, 738).
Here, the defendant established its entitlement to judgment as a matter of law dismissing the complaint by demonstrating, prima facie, that it did not create the alleged condition that caused the plaintiff's fall and that it had no duty to maintain the area where the accident occurred (see Marcano v City of New York, 224 AD3d 829; Leitch-Henry v Doe Fund, Inc., 179 AD3d 655). In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff's allegation that the subject "staircase" was in a defective condition in that it violated various codes was improperly made for the first time in opposition to the motion, and should not have been considered (see Sanchez v City of New York, 190 AD3d 999, 1001; Troia v City of New York, 162 AD3d 1089, 1092; Palka v Village of Ossining, 120 AD3d 641, 643). In any event, even assuming that certain code provisions the plaintiff cited were applicable and violated, there is no evidence in the record tending to show that the violations proximately caused the plaintiff's fall (see Lucas v Genting, N.Y., LLC, 227 AD3d 795, 796; cf. Cabanas v Qiu Yu Zou, 215 AD3d 726, 727-728).
Accordingly, the Supreme Court should have granted the defendant's motion for summary judgment dismissing the complaint.
MILLER, J.P., DOWLING, TAYLOR and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court