■ MICHAEL C. SCHILLACI et al., Plaintiffs, v JET EQUIPMENT AND TOOLS, INC., Respondent, and JACKSON SAW AND KNIFE COMPANY, INC., Appellant and Third-Party Plaintiff-Respondent. R.B. MAINTENANCE CONTRACTORS, INC., Third-Party Defendant-Appellant. [718 NYS2d 515] —Order unanimously modified on the law and as modified affirmed with costs to third-party defendant in accordance with the following Memorandum: Supreme Court erred in denying the motion of third-party defendant for summary judgment dismissing the third-party complaint seeking common-law indemnification and contribution. Third-party defendant sustained its burden of demonstrating its entitlement to judgment as a matter of law

on the claims that it was negligent in failing to supervise, instruct or train plaintiff Michael C. Schillaci, its employee, and defendant and third-party plaintiff, Jackson Saw and Knife Company, Inc. (Jackson), failed to raise a triable issue of fact on those claims (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). We therefore modify the order by granting the motion of third-party defendant for summary judgment dismissing the third-party complaint.

The court properly denied the motion of Jackson for a conditional order awarding it summary judgment on its cross claim seeking common-law indemnification from defendant Jet Equipment and Tools, Inc. Jackson is alleged to be liable to plaintiffs in negligence and strict products liability for selling a defective product and/or failing to warn of its dangerous or defective condition, of which Jackson's employees allegedly had actual knowledge at the time of sale. There are triable issues of fact concerning whether Jackson was actively at fault for the occurrence of the accident, thus precluding summary judgment (*see, Szymanski v Nabisco, Inc.,* 256 AD2d 1154, 1155). (Appeals from Order of Supreme Court, Monroe County, Bergin, J.—Summary Judgment.) Present—Hayes, J. P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.