■ MARGARET E. ENGEL et al., Respondents, v MATTHEW T. EICHLER et al., Respondents, and VITA CONSTRUCTION CORPORATION et al., Appellants. (And a Third-Party Action.) [736 NYS2d 676] —In an action to recover damages for personal injuries, etc., the defendant Vita Construction Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated October 16, 2000, as denied those branches of its motion which were for summary judgment dismissing the first through fifth causes of action in the complaint and all cross claims insofar as asserted against it, and the defendant E.W. Howell Co., Inc., appeals, as limited by its brief, from so much of the same order as denied its cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.

Ordered that the order is modified, on the law, by (1) deleting the provision thereof denying those branches of the motion

which were for summary judgment dismissing the first through fifth causes of action and the cross claims of Matthew T. Eichler, Mark B. Felder, and E.W. Howell Co., Inc., insofar as asserted against Vita Construction Corporation, and substituting therefor a provision granting those branches of the motion, and (2) deleting the provision thereof denying the cross motion and substituting therefor a provision granting the cross motion; as so modified, the order is affirmed, with one bill of costs payable to the appellants, the complaint and the cross claims of Matthew T. Eichler, Mark B. Felder, and E.W. Howell Co., Inc., are dismissed insofar as asserted against Vita Construction Corporation, the complaint and all cross claims are dismissed insofar as asserted against E.W. Howell Co., Inc., and the action against the remaining defendants is severed.

On January 31, 1996, the defendant Mark B. Felder was driving a vehicle owned by the defendant Matthew T. Eichler through a parking lot owned by the defendant Hudson Valley Hospital Center (hereinafter HVHC). Felder's vehicle hit a patch of ice, causing him to lose control of his vehicle. His vehicle then struck a parked car and propelled it into another parked car, which the plaintiff Margaret E. Engel was entering. As a result of the collision, the injured plaintiff was pinned between two vehicles. At the time of the accident, Felder was operating his vehicle in violation of the restrictions on his learner's permit.

HVHC had a contract with the defendant Vita Construction Corporation (hereinafter Vita) to plow snow and to salt and sand its roadways and parking lots during the 1995-1996 winter season. HVHC also contracted with E.W. Howell Co., Inc. (hereinafter Howell) to act as construction manager for the construction and renovation of HVHC's facilities, including its parking lots. The indemnification provision in the contract between Howell and HVHC specifically exempted Howell from responsibility for damage resulting from "faulty designs." Certain renovation work, including work on the parking lots, was suspended from approximately September 1995 until May 1996, although Howell continued to perform other work at the facility.

The Supreme Court granted partial summary judgment to Vita dismissing the plaintiffs' sixth through tenth causes of action insofar as asserted against it. However, the court denied those branches of Vita's motion which were for summary judgment dismissing the plaintiffs' causes of action based on negligent snow and ice removal, and all cross claims insofar as asserted against it. The court, inter alia, also denied Howell's

cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. We modify.

"[A] contract for the removal of snow and ice does not give rise to a duty on the part of the contractor to exercise reasonable care to prevent foreseeable harm to a [noncontracting party] arising from the negligent performance of its duties unless (1) the contract constitutes a comprehensive and exclusive property maintenance obligation that the contracting parties could have reasonably expected would displace the landowner's duty to safely maintain the property, or (2) there is evidence that the [noncontracting party] detrimentally relied on the contractor's performance of such duties, or the contractor's performance of such duties had otherwise advanced 'to such a point as to have launched a force or instrument of harm' " (*Mitchell v Fiorini Landscape,* 284 AD2d 313, 314 [internal quotation marks omitted], quoting *Pavlovich v Wade Assoc.,* 274 AD2d 382, 383; *see, Murphy v M.B. Real Estate Dev. Corp.,* 280 AD2d 457). Here, the contract between HVHC and Vita did not constitute a comprehensive and exclusive property maintenance obligation and there is no evidence that the plaintiffs, or the defendants Eichler, Felder, or Howell detrimentally relied on Vita's performance of its duties under the contract, or that Vita's performance had launched a force or instrument of harm. Accordingly, Vita did not owe a duty to the plaintiffs, or the defendants Felder, Eichler, or Howell, and the plaintiffs' complaint and the cross claims of these defendants should have been dismissed insofar as asserted against Vita.

Issues of fact exist as to whether Vita adequately performed its contractual obligations to HVHC, or was negligent in any duty it owed to HVHC, which precludes summary judgment dismissing the cross claims of HVHC against Vita for indemnification and contribution (*see, Boskey v Gazza Props.,* 248 AD2d 344; *McBride v Stewart's Ice Cream Co.,* 262 AD2d 776). Accordingly, that branch of Vita's motion which was for summary judgment dismissing the cross claims of HVHC insofar as asserted against it was properly denied.

The Supreme Court improperly denied Howell's cross motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. No duty may be imposed on a defendant to prevent a third party from causing harm to another unless the intervening act which caused the plaintiff's injuries was a normal or foreseeable consequence of the situation created by the defendant's negligence (*see, Bun Il Park v Korean Presbyt. Church of N.Y.,* 267 AD2d 268; *Rivera v Gold-*

*stein,* 152 AD2d 556). The conduct of Felder, an unlicensed and inexperienced driver, in losing control of his vehicle on a patch of ice which Howell had no duty to remove, is an unforeseeable event which breaks the causal connection between any defective design or maintenance of the premises and the plaintiffs' injuries (*see, Rodriguez v Gutierrez,* 217 AD2d 692; *Grandy v Bavaro,* 134 AD2d 957). Moreover, since the accident was not attributable only to the negligent performance or nonperformance of an act that was solely within the province of Howell to perform, Howell is not liable for indemnification to HVHC (*see, Mitchell v Fiorini Landscape, supra; Murphy v M.B. Real Estate Dev. Corp., supra*). Accordingly, the complaint and all cross claims against Howell should have been dismissed. Feuerstein, J.P., Krausman, Friedmann and Schmidt, JJ., concur.