■ SHIRLEY TORELLA et al., Respondents-Appellants, v BENDERSON DEVELOPMENT COMPANY, INC., et al., Appellants-Respondents, and ERIC MOONEY TRUCKING & EXCAVATING et al., Respondents-Appellants. [763 NYS2d 876] —Appeals and cross appeal from an order of Supreme Court, Erie County (Sedita, Jr., J.), entered January 7, 2002, which, inter alia, denied the motion of defendants Benderson Development Company, Inc., et al. for summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Shirley Torella (plaintiff) when she slipped and fell on a patch of ice in a parking lot upon arriving at work. Supreme Court properly denied the motion of defendant Benderson Development Company, Inc. and the remaining Benderson defendants for summary judgment dismissing the complaint against them. Even assuming, arguendo, that those defendants established their entitlement to judgment as a matter of law on the theory that a storm was in progress when plaintiff fell, we conclude that plaintiffs raised a triable issue of fact whether "the icy condition existed prior to the storm" (*Campagnano v Highgate Manor of Rensselaer*, 299 AD2d 714, 715 [2002]; *cf. Stalker v Crestview Cadillac Corp.*, 284 AD2d 977, 978 [2001]; *Chapman v City of New York*, 268 AD2d 498 [2000]). Plaintiffs further raised a triable issue of fact whether those defendants had constructive notice of the icy condition, i.e., whether that "condition was visible and apparent and existed for a sufficient period of time prior to the accident to permit [those] defendants to discover it and take corrective action" (*Boyko v Limowski*, 223 AD2d 962, 964 [1996]; *see May v American Red Cross*, 287 AD2d 418, 419 [2001]; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]).

We conclude, however, that the court properly granted that part of the cross motion of defendant Eric Mooney Trucking & Excavating and the remaining Mooney defendants (collectively, Mooney defendants) seeking summary judgment dismissing the complaint against them. Because the Mooney defendants are businesses that contracted to provide services to the property owner, they could not be liable in tort to a third party unless they "launched a force or instrument of harm" (*H.R. Moch Co. v Rensselaer Water Co.*, 247 NY 160, 168 [1928]), plaintiff detrimentally relied on their continued performance of the contract, or the contract was so comprehensive and exclusive that it entirely displaced the property owner's duty to maintain the premises safely (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *Engel v Eichler*, 290 AD2d 477, 479 [2002]). The first two exceptions to the general rule concerning nonliability in tort to a third party are not relevant here. With respect to the third exception, the contract at issue permitted the Mooney defendants to use their "best judgment" in rendering snow plowing services, but it also gave the property owner the right to request additional services, and employees of the property owner monitored the performance of the snow plowing contract. Thus, the contract was not so comprehensive or exclusive as to create a duty by the Mooney defendants to

plaintiff (see e.g. *Espinal*, 98 NY2d at 141; *Kozak v Broadway Joe's*, 296 AD2d 683, 685 [2002]).

The court properly denied that part of the cross motion of the Mooney defendants seeking summary judgment dismissing the cross claims for contractual and common-law indemnification. The contract required the Mooney defendants to indemnify the property owner only if the Mooney defendants were negligent or the loss arose out of the Mooney defendants' performance of the contract, and there are triable issues of fact with respect to the culpability of each of the defendants (*see Hernandez v Two E. End Ave. Apt. Corp.*, 303 AD2d 556 [2003]; *Engel*, 290 AD2d at 479; *Adams v Glass Fab*, 212 AD2d 972, 974 [1995]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Burns and Lawton, JJ.