■ RAYMOND ROBINSON, Respondent, v CITY OF NEW YORK, Appellant, and GIBRALTAR WATERPROOFING, INC., et al., Respondents, et al., Defendants. (And a Third-Party Action.) [802 NYS2d 48]—

Order, Supreme Court, Bronx County (Paul A. Victor, J.), entered August 2, 2004, which, to the extent appealed from as limited by the brief, denied the branch of defendant City of New York's motion seeking summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action and the branch of the same motion seeking summary judgment upon defendant City's claims for contractual and common-law indemnification as against defendants Gibraltar Waterproofing, Inc. and Gibraltar Masonry (the Gibraltar defendants or, collectively, Gibraltar), unanimously affirmed, without costs.

The record does not permit us to conclude, as a matter of law, that plaintiff was not entitled to the protection of Labor Law § 240 (1). Plaintiff's activity at the time of his accident, i.e., helping a coworker clear wires from the raised arms of a forklift

to facilitate the machine's use in the construction of a new building, was sufficiently construction-related to be within the protective ambit of section 240 (1) (*see Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881-882 [2003]). The record presents triable issues of fact as to whether plaintiff's injury was in any part attributable to the absence of railings or other protective devices upon the scaffolding he first fell back upon, and then off, after sustaining an electrical shock on the forklift (*cf. Walker v Metro-North Commuter R.R.*, 272 AD2d 57 [2000]; *Tuohey v Gainsborough Studios*, 183 AD2d 636, 637-638 [1992]).

The contract pursuant to which the City seeks indemnification from Gibraltar obligates Gibraltar, the masonry subcontractor, to indemnify the City for claims arising from negligence by it in its performance of the subcontracted work. Inasmuch as the record presents triable issues as to whether plaintiff's injury was, in fact, sustained by reason of such negligence, the denial of the City's motion for summary judgment upon its claim for contractual indemnification was correct. The same factual issues also precluded the grant of the City's motion for summary judgment upon its claim for common-law indemnification from Gibraltar (*see Correia v Professional Data Mgt.*, 259 AD2d 60, 65 [1999]). Concur—Tom, J.P., Marlow, Ellerin, Williams and McGuire, JJ. [*See* 8 Misc 3d 1012(A), 2005 NY Slip Op 51067(U) (2005).]