■ AVERL ANDERSON, Respondent, v JEFFERSON-UTICA GROUP, INC., et al., Appellants, and JOHN KUJAWA, Individually and Doing Business as J.T. KUJAWA MAINTENANCE, Appellant-Respondent. [809 NYS2d 693]—

Appeals from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered June 10, 2005. The order denied the motion of defendant Jefferson-Utica Group, Inc. and the cross motion of defendant Ellicott Group, LLC for summary judgment in the form of a conditional order of contractual or common-law indemnification and denied the cross motion of defendant John Kujawa, individually and doing business as J.T. Kujawa Maintenance, to dismiss the complaint against him.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion of defendant John Kujawa, individually and doing business as J.T. Kujawa Maintenance, and dismissing the complaint against him and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when she slipped and fell in a snow-covered parking lot. Defendant Jefferson-Utica Group, Inc. (Jefferson-Utica) owned the property, defendant Ellicott Group, LLC (Ellicott Group) managed it, and defendant John Kujawa, individually and doing business as J.T. Kujawa Maintenance, was the snowplowing contractor for the property. Supreme Court erred in denying the cross motion of Kujawa seeking dismissal of the complaint against him for failure to state a cause of action (see CPLR 3211 [a] [7]). There are "three situations in which a party who enters into a contract to

render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons," i.e., where the contracting party fails to exercise reasonable care in the performance of his or her duties and thereby launches a force or instrument of harm, where the plaintiff detrimentally relies on the continued performance of the contracting party's duties, and "where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]; *see Torella v Benderson Dev. Co.*, 307 AD2d 727, 728 [2003]; *Engel v Eichler*, 290 AD2d 477, 479 [2002]). We conclude that the complaint against Kujawa, the snow removal contractor, fails as a matter of law to allege any of the three situations set forth in *Espinal*. There is no allegation in the complaint or bill of particulars, nor any proof in the record, that plaintiff detrimentally relied on Kujawa's continued performance of the snowplowing contract or that Kujawa launched a force or instrument of harm by creating or exacerbating a dangerous condition (*see Espinal*, 98 NY2d at 141-142). Moreover, the snowplowing contract at issue in this case was not so comprehensive and exclusive that it "entirely displaced the [property owner's] duty to maintain the premises safely" (*id.* at 140; *see Torella*, 307 AD2d at 728-729; *Kozak v Broadway Joe's*, 296 AD2d 683, 685 [2002]). We modify the order accordingly.

We conclude, however, that the court properly denied the motion of Jefferson-Utica and the cross motion of Ellicott Group for summary judgment in the form of a conditional order of contractual or common-law indemnification against Kujawa (*see Robinson v City of New York*, 22 AD3d 293, 294 [2005]; *Schillaci v Jet Equip. & Tools*, 278 AD2d 859, 860 [2000]; *cf. Scally v Regional Indus. Partnership*, 9 AD3d 865, 869 [2004]). There are triable issues of fact with respect to the fault of the various parties. Present—Scudder, J.P., Kehoe, Smith and Pine, JJ.