Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered March 3, 2008 in a personal injury action. The order, among other things, denied that part of the motion of defendant-third-party plaintiff for summary judgment dismissing the complaint against it.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell on snow and ice in the “parking lot/loading area” of property owned by defendant and third-party plaintiff (defendant). Third-party defendant was the snow removal contractor for defendant’s property. Supreme Court properly denied that part of the motion of defendant for summary judgment dismissing the complaint against it. In support thereof, defendant contended that it was not liable because there was a storm in progress, but defendant failed to meet its initial burden of establishing that plaintiffs injuries were caused by a storm in progress (cf. Brierley v Great Lakes Motor Corp., 41 AD3d 1159, 1160 [2007]). The meteorologist who stated in his supporting affidavit that a total of 12.3 inches of snow fell on the day of the accident “failed ... to attach to his affidavit copies of the [National Climatic Data Center] records upon which he relied in forming his opinion, *1188 and thus his affidavit has no probative value” (Daniels v Meyers, 50 AD3d 1613, 1614 [2008]; see Schuster v Dukarm, 38 AD3d 1358, 1359 [2007]). Although those records were attached to the reply affidavit of the meteorologist, we do not consider reply papers in determining whether a defendant met its initial burden (see Miller v Spall Dev. Corp., 45 AD3d 1297, 1298 [2007]; Wonderling v CSX Transp., Inc., 34 AD3d 1244, 1245 [2006]).
Defendant also contended in support of its motion that it lacked constructive notice of the condition that caused plaintiff to fall, but we conclude that defendant failed to meet its initial burden with respect to that contention as well. Defendant submitted plaintiff’s deposition testimony in which plaintiff testified that he slipped on ice hidden under the accumulation of 1 to IV2 inches of snow, but defendant submitted no evidence with respect to the time period in which that ice may have formed. Thus, defendant’s own submissions raise an issue of fact whether “ ‘the ice formed so close in time to the accident that [defendant] could not reasonably have been expected to notice and remedy the condition’ ” (Stalker v Crestview Cadillac Corp., 284 AD2d 977, 978 [2001]). Even assuming, arguendo, that defendant met its initial burden, we conclude that, by submitting the affidavit of a meteorologist with attached National Climatic Data Center records, plaintiff raised a triable issue of fact whether defendant had constructive notice of the allegedly dangerous condition (see Zemotel v Jeld-Wen, Inc., 50 AD3d 1586, 1587 [2008]; see generally Gordon v American Museum of Natural History, 67 NY2d 836, 837-838 [1986]).
We further conclude that the court properly denied that part of defendant’s motion seeking, in the alternative, a conditional order of contractual indemnification against third-party defendant. We note that, although defendant also sought common-law indemnification, it does not address that issue on appeal and thus is deemed to have abandoned it (see Ciesinski v Town of Aurora, 202 AD2d 984 [1994]). With respect to contractual indemnification, the contract for snow removal services required third-party defendant to indemnify defendant only in the event that third-party defendant was negligent in the performance of the contract and, contrary to defendant’s contention, there are triable issues of fact with respect thereto (see Anderson v Jefferson-Utica Group, Inc., 26 AD3d 760, 761 [2006]; Robinson v City of New York, 22 AD3d 293, 294 [2005]; Torella v Benderson Dev. Co., 307 AD2d 727, 729 [2003]). Present—Scudder, PJ., Martoche, Lunn, Peradotto and Green, JJ.