# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

453

CA 11-01205

PRESENT: SMITH, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

HEATHER L. BERMINGHAM, PLAINTIFF,

V                                                    MEMORANDUM AND ORDER

THE PETER, SR. & MARY L. LIBERATORE FAMILY
LIMITED PARTNERSHIP, DOING BUSINESS AS
LINCOLN SQUARE APARTMENTS, DEFENDANT.
-------------------------------------------------
THE PETER, SR. & MARY L. LIBERATORE FAMILY
LIMITED PARTNERSHIP, DOING BUSINESS AS
LINCOLN SQUARE APARTMENTS, THIRD-PARTY
PLAINTIFF-RESPONDENT,

V

GEARY S. KOPP, DOING BUSINESS AS
S&K LANDSCAPING, THIRD-PARTY DEFENDANT-APPELLANT.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF
COUNSEL), FOR THIRD-PARTY DEFENDANT-APPELLANT.

COHEN & LOMBARDO, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR
THIRD-PARTY PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered February 7, 2011. The order, among other things, granted the motion of third-party defendant for leave to renew his cross motion for summary judgment, and upon renewal, adhered to the prior determination denying that cross motion.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting third-party defendant's cross motion in part and dismissing the claim for contribution, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly slipped and fell on black ice in a parking lot owned by defendant-third-party plaintiff (defendant). Defendant commenced the third-party action, asserting claims for, inter alia, common-law indemnification and contribution. Supreme Court denied defendant's motion seeking a conditional order of common-law indemnification against third-party defendant, its snow removal contractor, and denied third-party defendant's cross motion seeking summary judgment dismissing the third-party complaint. The

third-party action was severed from the main action and, following the trial of the main action, third-party defendant moved for leave to renew his cross motion. Although the court purportedly denied the motion for leave to renew, it is apparent from the decision that the court actually granted the motion and, upon renewal, adhered to its original decision.

We conclude that the court, upon renewal, properly refused to dismiss the common-law indemnification claim. Even assuming, arguendo, that third-party defendant requested such relief in his cross motion and thus that the issue is properly before us (*cf. Oneida Indian Nation v Hunt Constr. Group, Inc.*, 88 AD3d 1264, 1266), we conclude that he failed to meet his initial burden of establishing that plaintiff's accident was not attributable to his negligent performance or nonperformance of an act solely within his province under the contract with defendant (*see Abramowitz v Home Depot USA, Inc.*, 79 AD3d 675, 677; *Trzaska v Allied Frozen Stor., Inc.*, 77 AD3d 1291, 1293). Contrary to third-party defendant's contention, we further conclude that neither the testimony at the trial of the main action nor the jury verdict following that trial establishes that defendant's liability was other than vicarious, i.e., that defendant was actively negligent (*see generally Eastman v Volpi Mfg. USA, Co.*, 229 AD2d 913, 913).

The court erred upon renewal, however, in denying that part of third-party defendant's cross motion seeking summary judgment dismissing the contribution claim. Third-party defendant met his initial burden of establishing that he did not owe a duty to plaintiff or a duty to defendant independent of the contract (*see Siegl v New Plan Excel Realty Trust, Inc.*, 84 AD3d 1702, 1703; *Zemotel v Jeld-Wen, Inc.*, 50 AD3d 1586, 1587). Third-party defendant further established that his contract with defendant was not "a comprehensive and exclusive agreement which entirely displaced [defendant's] duty to maintain the premises in a safe condition" (*Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214; *see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140-141). Defendant failed to raise a triable issue of fact in opposition to that part of the cross motion (*see Henriquez v Inserra Supermarkets, Inc.*, 89 AD3d 899, 901). We therefore modify the order accordingly.

Entered: April 20, 2012

Frances E. Cafarell
Clerk of the Court