# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1067**
**CA 12-00500**
PRESENT: SCUDDER, P.J., SMITH, LINDLEY, AND MARTOCHE, JJ.

---

DEIDRE SNIATECKI, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

VIOLET REALTY, INCORPORATED AND MAIN PLACE
LIBERTY GROUP, LLG, DEFENDANTS-APPELLANTS.
--------------------------------------------
VIOLET REALTY, INCORPORATED AND MAIN PLACE
LIBERTY GROUP, LLG, THIRD-PARTY
PLAINTIFFS-APPELLANTS-RESPONDENTS,

V

L. FANARA'S PLUMBING & HEATING, INC.,
THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT,
ROY'S PLUMBING, INC., THIRD-PARTY
DEFENDANT-RESPONDENT.

---

BROWN & KELLY, LLP, BUFFALO (KENNETH KRAJEWSKI OF COUNSEL), FOR
DEFENDANTS-APPELLANTS AND THIRD-PARTY PLAINTIFFS-APPELLANTS-
RESPONDENTS.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (JOSHUA M. HENRY OF COUNSEL),
FOR THIRD-PARTY DEFENDANT-RESPONDENT-APPELLANT.

GOLDBERG SEGALLA LLP, BUFFALO (DENNIS GLASCOTT OF COUNSEL), FOR
THIRD-PARTY DEFENDANT-RESPONDENT.

LAW OFFICE OF JOSEPH A. ABLES, JR., ORCHARD PARK (NORMAN E.S. GREENE
OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal and cross appeal from an order of the Supreme Court, Erie
County (Timothy J. Walker, A.J.), entered September 9, 2011. The
order, among other things, denied the cross motion of defendants for
summary judgment dismissing plaintiff's complaint and denied the
motion of third-party defendant L. Fanara's Plumbing & Heating, Inc.
for summary judgment dismissing the third-party complaint against it.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting the motion of third-party
defendant L. Fanara's Plumbing & Heating, Inc. and dismissing the
third-party complaint and all cross claims against it and by granting
that part of the cross motion of defendants for summary judgment
dismissing the complaint, as amplified by the bill of particulars,

insofar as it alleges that defendants were negligent in failing to warn plaintiff of the dangerous condition at issue and dismissing the complaint to that extent and as modified the order is affirmed without costs.

Memorandum:  Defendants-third-party plaintiffs, Violet Realty, Incorporated and Main Place Liberty Group, LLG (hereafter, defendants), appeal and third-party defendant L. Fanara's Plumbing & Heating, Inc. (Fanara's) cross-appeals from an order that, inter alia, denied Fanara's motion for summary judgment dismissing the third-party complaint and all cross claims against it, denied defendants' cross motion for summary judgment dismissing the complaint against them and granted the cross motion of third-party defendant Roy's Plumbing, Inc. (Roy's Plumbing) for summary judgment dismissing the third-party complaint and all cross claims against it.  We conclude that Supreme Court properly granted the cross motion of Roy's Plumbing, but that the court erred in denying Fanara's motion and in denying that part of defendants' cross motion for summary judgment dismissing the complaint, as amplified by the bill of particulars, insofar as it alleges that defendants were negligent in failing to warn plaintiff of the dangerous condition at issue.  We therefore modify the order accordingly.

Plaintiff commenced this action to recover damages for injuries she sustained when she fell on the wet kitchen floor of a food stand area located on property owned by defendants.  At the time of the incident, plaintiff was working for her employer, who had leased the food stand area, including the kitchen area, from defendants.  It is undisputed that the kitchen floor was wet because two floor drains in the kitchen had begun backing up the day before plaintiff's accident, causing water to pool on the kitchen floor.  In her bill of particulars, plaintiff contended, among other things, that defendants were negligent in failing to maintain the premises in a safe and suitable condition; in failing to repair the plumbing to prevent the clog; in allowing access to an unsafe area; in failing to properly supervise the area of the dangerous condition; and in failing to warn plaintiff of the dangerous condition.  Defendants subsequently commenced a third-party action against Fanara's, a contractor hired by defendants to repair the clogged drains, and Roy's Plumbing, a contractor hired by Fanara's after Fanara's was unable to repair the clogged drains.  Ultimately, employees of Roy's Plumbing were able to resolve the problem by flushing the piping from two separate access points.

Addressing first the cross motion of defendants, we conclude that they were not entitled to summary judgment dismissing the complaint in its entirety against them.  "A landowner is liable for a dangerous or defective condition on his or her property when the landowner 'created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it' " (*Anderson v Weinberg*, 70 AD3d 1438, 1439; *see Pommerenck v Nason*, 79 AD3d 1716, 1716).  Defendants failed to establish that they cleaned the pipes at any time between February 2004 and December 28, 2004, the date on which the drains became clogged.  It is undisputed that, in a January 2004

proposal for flushing the pipes, defendants' head of maintenance had written a note to the employee in charge of sewer lines asking him to "Pls. arrange for the sewer to be cleaned every 6 mos." We thus conclude that there is a triable issue of fact whether defendants created the dangerous condition by negligently maintaining the pipes (*see Reimold v Walden Terrace, Inc.*, 85 AD3d 1144, 1145-1146; *cf. Chi-Ming Tang v Village of Geneseo*, 303 AD2d 987, 987). We note in any event that, although it is undisputed that defendants acted promptly to remedy the condition, " '[e]ven where the relevant facts are uncontested, summary judgment is rarely appropriate in negligence cases, inasmuch as the issue of whether the defendant . . . acted reasonably under the circumstances can rarely be resolved as a matter of law' " (*Rubin v Reality Fashions*, 229 AD2d 1026, 1027; *see generally Andre v Pomeroy*, 35 NY2d 361, 364).

Defendants correctly contend that the violation of their own internal policy would not constitute evidence that they were negligent if their internal policy "require[s] a standard that transcends reasonable care" (*Gilson v Metropolitan Opera*, 5 NY3d 574, 577; *see Lesser v Manhattan & Bronx Surface Tr. Operating Auth.*, 157 AD2d 352, 356, *order amended* 176 AD2d 463, *affd sub nom. Fishman v Manhattan & Bronx Surface Tr. Operating Auth.*, 79 NY2d 1031, *rearg denied* 80 NY2d 893). Inasmuch as flushing or cleaning of the pipes is "part of the service that [defendants] provide[] and for which [they are] responsible" (*Haber v Cross County Hosp.*, 37 NY2d 888, 889), we conclude that it is for the jury to determine whether "observance of [the internal policy] fell within the orbit of what is required by reasonable care" (*Danbois v New York Cent. R.R. Co.*, 12 NY2d 234, 240; *see Juiditta v Bethlehem Steel Corp.*, 75 AD2d 126, 135-136).

Defendants also correctly contend that they have no duty to warn of a dangerous condition that is open and obvious (*see Tagle v Jakob*, 97 NY2d 165, 169; *Koval v Markley*, 93 AD3d 1171, 1172; *Mazurek v Home Depot U.S.A.*, 303 AD2d 960, 962). Although the issue whether a dangerous condition is open and obvious is generally one of fact for a jury, courts "may determine that a risk was open and obvious as a matter of law when the established facts compel that conclusion" (*Tagle*, 97 NY2d at 169). The facts of this case compel such a conclusion. Defendants established as a matter of law that the dangerous condition was open and obvious and that plaintiff "fully appreciated the danger [the wet floor] presented" (*Duclos v County of Monroe*, 258 AD2d 925, 926). Inasmuch as "a plaintiff's theory of negligence based upon the claim that the property owner violated its duty to warn of the claimed hazard may be dismissed upon a demonstration that the hazard was open and obvious" (*Westbrook v WR Activities-Cabrera Mkts.*, 5 AD3d 69, 71), the court should have granted that part of defendants' cross motion for summary judgment dismissing the complaint, as amplified by the bill of particulars, insofar as it alleges that defendants were negligent in failing to warn plaintiff of the dangerous condition.

We further conclude, however, that defendants failed to establish as a matter of law that plaintiff's conduct was the sole proximate

cause of her fall (*see Mooney v Petro, Inc.*, 51 AD3d 746, 747), and thus that defendants are not entitled to summary judgment dismissing the complaint in its entirety on that additional ground. "[U]nder the circumstances presented, it cannot be said that plaintiff's conduct in [walking across the wet floor] was unforeseeable . . . [and rose] to such a level of culpability as to replace [defendants'] negligence as the legal cause of the accident" (*Oliver v Tanning Bed, Inc.*, 50 AD3d 1259, 1261-1262 [internal quotation marks omitted]; *cf. Tkeshelashvili v State of New York*, 18 NY3d 199, 205-207). We also conclude that defendants failed to establish as a matter of law that they lacked any authority to prohibit plaintiff or others from being present in the kitchen on the day of plaintiff's accident, and we therefore conclude that they are not entitled to summary judgment dismissing the complaint, as amplified by the bill of particulars, insofar as it alleges that defendants were negligent in permitting access to the kitchen area.

With respect to the motion of Fanara's and the cross motion of Roy's Plumbing, we note that there were no written contracts requiring them to indemnify defendants or to procure insurance in favor of defendants. Thus, we conclude that they established their entitlement to summary judgment dismissing the contractual indemnification and breach of contract causes of action in the third-party complaint. We also conclude that they established their entitlement to summary judgment dismissing the causes of action for common-law indemnification in the third-party complaint inasmuch as they both established as a matter of law that "plaintiff's accident was not attributable to [their] negligent performance or nonperformance of an act solely within [their] province" (*Bermingham v Peter, Sr. & Mary L. Liberatore Family Ltd. Partnership*, 94 AD3d 1424, 1425; *see Littleton v Amberland Owners, Inc.*, 94 AD3d 953, 953-954; *cf. Trzaska v Allied Frozen Stor., Inc.*, 77 AD3d 1291, 1293). Defendants failed to raise a triable issue of fact with respect to any of those causes of action in the third-party complaint.

Finally, we conclude that Fanara's and Roy's Plumbing established their entitlement to summary judgment dismissing the remaining causes of action in the third-party complaint, which sought common-law contribution. It is well established that there are "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care--and thus be potentially liable in tort--to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm' . . .; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties . . . and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140; *see Anderson v Jefferson-Utica Group, Inc.*, 26 AD3d 760, 760-761). Because there are no allegations in the pleadings that would establish the applicability of any of the three exceptions set forth in *Espinal*, Fanara's and Roy's Plumbing, "in establishing [their] prima facie entitlement to judgment as a matter of law, [were] 'not required to negate the possible applicability of any of [those] exceptions' "

(*Brathwaite v New York City Hous. Auth.*, 92 AD3d 821, 824, *lv denied* 19 NY3d 804).  In any event, we conclude that Fanara's and Roy's Plumbing established that none of the exceptions applies.  They established as a matter of law that they did not launch a force or instrument of harm by creating or exacerbating a dangerous condition (*see Stiver v Good & Fair Carting & Moving, Inc.*, 9 NY3d 253, 257; *Achtziger v Merz Metal & Mach. Corp.*, 27 AD3d 1137, 1138; *Anderson*, 26 AD3d at 761); that plaintiff did not detrimentally rely on their continued performance of any repairs (*see Vushaj v Insignia Residential Group, Inc.*, 50 AD3d 393, 394; *Anderson*, 26 AD3d at 761); and that the oral plumbing repair contracts at issue in this case were "not so comprehensive and exclusive that [they] 'entirely displaced [defendants'] duty to maintain the premises safely' " (*Anderson*, 26 AD3d at 761, quoting *Espinal*, 98 NY2d at 140; *see Bermingham*, 94 AD3d at 1425).

Entered:  September 28, 2012                    Frances E. Cafarell
                                              Clerk of the Court