# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**18**

**CA 14-01269**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

LATASHA JOHNSON, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

WAL-MART, BG THRUWAY, LLC, DEVELOPERS
DIVERSIFIED REALTY CORPORATION,
DEFENDANTS-APPELLANTS,
EAGLE RIDGE SPECIALTY PROPERTY SERVICES, INC.,
AND JAMES BARONE,
DEFENDANTS-RESPONDENTS.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

AMIGONE, SANCHEZ & MATTREY, LLP, BUFFALO (RICHARD S. JUDA, JR., OF
COUNSEL), FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Drury, J.), entered January 17, 2014.  The order denied the motions
of defendants for summary judgment.

Now, upon reading and filing the stipulation of discontinuance
signed by the attorneys for the parties on October 1, 2014,

It is hereby ORDERED that said appeal by defendants Wal-Mart, BG
Thruway, LLC, and Developers Diversified Realty Corporation insofar as
it concerns plaintiff's direct claims is unanimously dismissed upon
stipulation and the order is affirmed without costs.

Memorandum:  During the pendency of this appeal, the parties
entered into a partial stipulation of discontinuance that effectively
narrowed the issue on appeal to whether defendants Wal-Mart, BG
Thruway, LLC, and Developers Diversified Realty Corporation
(collectively, premises defendants) were entitled to indemnification
from defendant Eagle Ridge Specialty Property Services, Inc. (Eagle
Ridge) under their snow-removal services contract.  We conclude that
Supreme Court properly denied that part of the premises defendants'
motion seeking summary judgment on their cross claim for contractual
indemnification.  The snow-removal services contract required Eagle
Ridge to indemnify the premises defendants based on any negligent or
intentional act or omission, and there is an issue of fact concerning
the alleged culpability of Eagle Ridge (*see Walter v United Parcel
Serv., Inc.*, 56 AD3d 1187, 1188; *Anderson v Jefferson-Utica Group,
Inc.*, 26 AD3d 760, 761; *Torella v Benderson Dev. Co.*, 307 AD2d 727,

729).

Entered: February 13, 2015

Frances E. Cafarell
Clerk of the Court