# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**57**
**CA 15-01178**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

WILLIAM EISLEBEN, PLAINTIFF-RESPONDENT,

V                                           MEMORANDUM AND ORDER

JAMES DEAN, INDIVIDUALLY, AND DOING BUSINESS AS
JAMES DEAN PAVING, DEFENDANT-APPELLANT.

---

ROSSI & ROSSI ATTORNEYS AT LAW PLLC, NEW YORK MILLS (VINCENT J. ROSSI, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAW OFFICES OF MARC JONAS, UTICA (MARC JONAS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Norman I. Siegel, J.), entered December 12, 2014 in a personal injury action. The order, insofar as appealed from, granted that part of plaintiff's motion seeking to strike defendant's third affirmative defense in the amended answer and denied defendant's cross motion for summary judgment dismissing the complaint.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, plaintiff's motion is denied in its entirety, the third affirmative defense in the amended answer is reinstated, defendant's cross motion is granted, and the complaint is dismissed.

Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when he slipped and fell on a patch of ice in a parking lot upon arriving at work. Defendant was the snowplowing contractor for the property. Supreme Court granted that part of plaintiff's motion seeking to strike defendant's affirmative defense asserting that he had no legal duty to plaintiff and denied defendant's cross motion for summary judgment dismissing the complaint. As limited by the parties' briefs on appeal, the only issue before us is whether the court erred in granting plaintiff's motion in part and in denying defendant's cross motion upon determining that defendant owed plaintiff a duty of care under the third exception in *Espinal v Melville Snow Contrs*. (98 NY2d 136), i.e., "where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*id*. at 140). We agree with defendant that the court erred, and we therefore reverse the order insofar as appealed from. Here, the contract between defendant and the property owner was not so comprehensive and exclusive that it entirely displaced the property owner's duty to maintain the premises

safely, such that defendant owed a duty to plaintiff. Although the contract required around-the-clock monitoring of the conditions at the premises, "it also gave the property owner the right to request additional services [or re-performance], and employees of the property owner monitored the performance of the snow plowing contract" (*Torella v Benderson Dev. Co.*, 307 AD2d 727, 728).

Entered: February 5, 2016                    Frances E. Cafarell
                                             Clerk of the Court