# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**393**

**CA 16-01572**

PRESENT: SMITH, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND SCUDDER, JJ.

---

MILDRED LINGENFELTER, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DELEVAN TERRACE ASSOCIATES, ET AL., DEFENDANTS,
AND WILLIAM KROTZ CONTRACTING, DEFENDANT-APPELLANT.

---

BROWN & KELLY, LLP, BUFFALO (PAUL CALLAHAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

STAMM LAW FIRM, BUFFALO (BRIAN TOWEY OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

--------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Cattaraugus County
(Jeremiah J. Moriarty, III, J.), entered May 9, 2016. The order
denied the motion of defendant William Krotz Contracting for summary
judgment dismissing the amended complaint and all cross claims against
it.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted,
and the amended complaint and the cross claim against defendant
William Krotz Contracting are dismissed.

Memorandum: Plaintiff commenced this action seeking damages for
injuries she allegedly sustained when she slipped and fell on ice and
snow between parking spaces in the parking lot of an apartment complex
owned and operated by defendants Delevan Terrace Associates,
Cattaraugus Community Action, Inc., and Cattaraugus Rural Housing
Corporation (collectively, apartment defendants). The apartment
defendants contracted with defendant William Krotz Contracting (Krotz)
to provide snowplowing services for the property. On appeal, Krotz
contends that Supreme Court erred in denying its motion for summary
judgment seeking dismissal of the amended complaint and any cross
claims against it. We agree.

Inasmuch as "a finding of negligence must be based on the breach
of a duty, a threshold question in tort cases is whether the alleged
tortfeasor owed a duty of care to the injured party" (*Espinal v
Melville Snow Contrs.*, 98 NY2d 136, 138). Here, any duty that Krotz
had with respect to snowplowing on the subject property arose
exclusively out of its contract with the apartment defendants (*see
Church v Callanan Indus.*, 99 NY2d 104, 111). It is well settled,
however, that " 'a contractual obligation, standing alone, will impose

a duty only in favor of the promisee and intended third-party beneficiaries' " (*Espinal*, 98 NY2d at 140), and "will generally not give rise to tort liability in favor of a third party," i.e., a person who is not a party to the contract (*id.* at 138; *see Church*, 99 NY2d at 111). There are "three situations in which a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons: (1) where the contracting party, in failing to exercise reasonable care in the performance of his duties, 'launche[s] a force or instrument of harm' . . . ; (2) where the plaintiff detrimentally relies on the continued performance of the contracting party's duties . . . and (3) where the contracting party has entirely displaced the other party's duty to maintain the premises safely" (*Espinal*, 98 NY2d at 140).

Even assuming, arguendo, that the allegations in the pleadings are sufficient to require Krotz to negate the possible applicability of the first *Espinal* exception in establishing its prima facie entitlement to summary judgment (*cf. Baker v Buckpitt*, 99 AD3d 1097, 1099; *Sniatecki v Violet Realty, Inc.*, 98 AD3d 1316, 1320; *Foster v Herbert Slepoy Corp.*, 76 AD3d 210, 214), we conclude that Krotz met its initial burden of establishing that it did not launch a force or instrument of harm by creating or exacerbating a dangerous condition (*see generally Espinal*, 98 NY2d at 142-143). Krotz's submissions, including the contract, the deposition testimony of the property manager for the apartment complex, and the deposition testimony and affidavit of Krotz's owner, established that Krotz plowed the center driving lane of the parking lot in accordance with its responsibilities under the contract and did not undertake any snow removal operations with respect to the condition between the parking spaces that caused plaintiff's injury. "[B]y merely plowing the snow, as required by the contract, [Krotz's] actions could not be said 'to have created or exacerbated a dangerous condition' " (*Fung v Japan Airlines Co., Ltd.*, 9 NY3d 351, 361; *see Espinal*, 98 NY2d at 142; *cf. Rak v Country Fair, Inc.*, 38 AD3d 1240, 1241).

Plaintiff failed to raise an issue of fact whether Krotz negligently created or exacerbated a dangerous condition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Moreover, even assuming, arguendo, that Krotz was negligent in failing to plow the parking spaces as alleged by plaintiff, we conclude that "such negligence would amount[] to a finding that [Krotz] may have merely failed to become an instrument for good, which is insufficient to impose a duty of care upon a party not in privity of contract with the injured party" (*Mesler v PODD LLC*, 89 AD3d 1533, 1535 [internal quotation marks omitted]; *see Church*, 99 NY2d at 112; *Foster*, 76 AD3d at 215).

It is undisputed that plaintiff did not detrimentally rely on Krotz's continued performance of its contractual obligations, and thus the second *Espinal* exception cannot form a basis for liability (*see Foster*, 76 AD3d at 215).

In establishing its prima facie entitlement to summary judgment, Krotz was not required to negate the third *Espinal* exception inasmuch

as there are no allegations in the pleadings that would establish the applicability of that exception, i.e., that Krotz entirely displaced the apartment defendants' duty to maintain the premises safely (*see Sniatecki*, 98 AD3d at 1320).  Defendant nonetheless negated that exception, and plaintiff failed to raise an issue of fact (*see Zuckerman*, 49 NY2d at 562).  Here, while the contract provided Krotz with some discretion in fulfilling its snowplowing obligations, its terms made Krotz directly responsible to the property manager who had the right to request additional services and oversaw maintenance of the property, including snowplowing (*see Torella v Benderson Dev. Co.*, 307 AD2d 727, 728).  We thus conclude that "the contract between [Krotz] and the [apartment defendants] was not so comprehensive and exclusive that it entirely displaced the [apartment defendants'] duty to maintain the premises safely, such that [Krotz] owed a duty to plaintiff" (*Eisleben v Dean*, 136 AD3d 1306, 1307; *see Espinal*, 98 NY2d at 141).

Finally, we agree with Krotz that the court erred in denying its motion insofar as it sought dismissal of the apartment defendants' cross claim for contribution and indemnification (*see generally Peters v United Ref. Co. of Pa.*, 57 AD3d 1512, 1512-1513).

Entered:  April 28, 2017                         Frances E. Cafarell
                                                 Clerk of the Court