Kuznik-DeFranco v Cushman & Wakefield, Inc. (2021 NY Slip Op 03692)





Kuznik-DeFranco v Cushman & Wakefield, Inc.


2021 NY Slip Op 03692


Decided on June 11, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, LINDLEY, AND TROUTMAN, JJ.


200 CA 20-00130

[*1]DAWN KUZNIK-DEFRANCO, PLAINTIFF-RESPONDENT,
v
CUSHMAN & WAKEFIELD, INC., DEFENDANT, GLOBAL INDUSTRIAL SERVICE, INC., EARTHCO, INC., DOING BUSINESS AS EARTH CO DEVELOPMENT, INC., AND EARTH CO. SERVICE, ALAN ORTMAN ALSO KNOWN AS ALAN ORTMAN INDIVIDUALLY AND DOING BUSINESS AS EARTH CO DEVELOPMENT ALSO KNOWN AS EARTH CO DEVELOPMENT, INC., AND ALAN ORTMAN, INDIVIDUALLY AND DOING BUSINESS AS EARTH CO ALSO KNOWN AS EARTHCO, INC., DEFENDANTS-APPELLANTS. 






HURWITZ & FINE, P.C., BUFFALO (DAVID R. ADAMS OF COUNSEL), FOR DEFENDANT-APPELLANT GLOBAL INDUSTRIAL SERVICE, INC.
SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (VICTOR L. PRIAL OF COUNSEL), FOR DEFENDANT-APPELLANT EARTHCO, INC., DOING BUSINESS AS EARTH CO DEVELOPMENT, INC. AND EARTH CO. SERVICE, ALAN ORTMAN ALSO KNOWN AS ALAN ORTMAN INDIVIDUALLY AND DOING BUSINESS AS EARTH CO DEVELOPMENT ALSO KNOWN AS EARTH CO DEVELOPMENT, INC., AND ALAN ORTMAN, INDIVIDUALLY AND DOING BUSINESS AS EARTH CO ALSO KNOWN AS EARTHCO, INC.
COLLINS & COLLINS ATTORNEYS, LLC, BUFFALO (ETHAN W. COLLINS OF COUNSEL), FOR PLAINTIFF-RESPONDENT.
FELDMAN KIEFFER, LLP, BUFFALO (ADAM C. FERRANDINO OF COUNSEL), FOR DEFENDANT.


 Appeals from an order of the Supreme Court, Erie County (E. Jeannette Ogden, J.), entered January 8, 2020. The order, insofar as appealed from, denied in part the motion for summary judgment of defendant Global Industrial Service, Inc. and denied the motion for summary judgment of defendants Earthco, Inc., doing business as Earth Co Development, Inc. and Earth Co. Service, Alan Ortman also known as Alan Ortman individually and doing business as Earth Co Development also known as Earth Co Development, Inc., and Alan Ortman, individually and doing business as Earth Co also known as Earthco, Inc. insofar as it sought dismissal of the complaint against them. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion of defendant Global Industrial Service, Inc. is granted in its entirety and the amended complaint against it is dismissed, and the motion of defendants Earthco Inc., doing business as Earth Co Development, Inc., and Earth Co. Service; Alan Ortman also known as Alan Ortman individually and doing business as Earth Co Development also known as Earth Co Development, Inc.; and Alan Ortman, individually and doing business as Earth Co also known as Earthco Inc. is granted in part and the complaint is dismissed against those defendants.
Memorandum: Plaintiff commenced these consolidated actions seeking damages for injuries she allegedly sustained when she fell on the sidewalk of a property due, inter alia, to an elevated sidewalk grate. Defendant Global Industrial Service, Inc. (Global) contracted to provide [*2]landscaping, snow removal, and janitorial services for the property on which plaintiff's accident occurred. Global subcontracted the snow removal obligation for the property to defendants Earthco Inc., doing business as Earth Co Development, Inc., and Earth Co. Service; Alan Ortman also known as Alan Ortman individually and doing business as Earth Co Development also known as Earth Co Development, Inc.; and Alan Ortman, individually and doing business as Earth Co also known as Earthco Inc. (collectively, Earthco defendants). Global and Earthco defendants moved for, inter alia, summary judgment dismissing the respective amended complaint and complaint against them, and they each appeal from an order insofar as it denied their respective motions to that extent. We reverse the order insofar as appealed from.
We agree with Global on its appeal that it met its initial burden of establishing as a matter of law that it owed no duty of care to plaintiff (see generally Espinal v Melville Snow Contrs., 98 NY2d 136, 140 [2002]). "A landowner is liable for a dangerous or defective condition on his or her property when the landowner created the condition or had actual or constructive notice of it and a reasonable time within which to remedy it" (Anderson v Weinberg, 70 AD3d 1438, 1439 [4th Dept 2010] [internal quotation marks omitted]). Here, it is undisputed that Global was not the property owner at the time of plaintiff's accident, but was instead merely a subcontractor hired to perform limited services on the property. Further, although "a party who enters into a contract to render services may be said to have assumed a duty of care—and thus be potentially liable in tort—to third persons" in certain situations (Espinal, 98 NY2d at 140), here, neither plaintiff's amended complaint nor her bill of particulars alleged that Global " 'launche[d] a force or instrument of harm' " in the performance of its duties, that "plaintiff detrimentally relie[d] on [Global's] continued performance of [its contracted] duties," or that Global "entirely displaced the [property owner's] duty to maintain the premises safely" (id.; see Anderson v Jefferson-Utica Group, Inc., 26 AD3d 760, 760-761 [4th Dept 2006]). Thus, "in establishing [its] prima facie entitlement to judgment as a matter of law, [Global was] not required to negate the possible applicability of any of [those] exceptions" (Sniatecki v Violet Realty, Inc., 98 AD3d 1316, 1320 [4th Dept 2012] [internal quotation marks omitted]; see Brathwaite v New York City Hous. Auth., 92 AD3d 821, 824 [2d Dept 2012], lv denied 19 NY3d 804 [2012]). In opposition, plaintiff argued only that the actions of an employee of Earthco defendants during snow removal operations may have exacerbated the dangerous condition contributing to plaintiff's accident. Plaintiff therefore failed to raise a triable issue of fact in opposition to that part of Global's motion seeking summary judgment dismissing the amended complaint against it.
We also agree with Earthco defendants on their appeal that they established their entitlement to summary judgment dismissing plaintiff's complaint against them. Plaintiff alleged that Earthco defendants "launched a force or instrument of harm, i.e., created or exacerbated a dangerous condition" (Chamberlain v Church of the Holy Family, 160 AD3d 1399, 1403 [4th Dept 2018]). In support of their motion, Earthco defendants submitted evidence establishing that, although a snowplow had damaged a different sidewalk grate, only shovels and snowblowers were used in the area where plaintiff fell and that Earthco defendants' snowplow would not have been able to navigate in that area. Further, although the employee of Earthco defendants performing snow removal services on the property testified at his deposition that the shovel or snowblower would briefly catch on the edge of the galvanized steel sidewalk grate, those tools would frequently catch on imperfections in the sidewalk before continuing unabated. Earthco defendants also submitted evidence that the damage to the sidewalk grate at issue included a rolling or warping in the area where the sections of grate met one another, not at the edge of the grate where plaintiff tripped. In opposition, plaintiff failed to raise a triable issue of fact.
In light of our conclusions, defendants-appellants' remaining contentions are academic.
Entered: June 11, 2021
Mark W. Bennett
Clerk of the Court