Smukall v Dollar Tree Stores, Inc. (2021 NY Slip Op 06223)





Smukall v Dollar Tree Stores, Inc.


2021 NY Slip Op 06223


Decided on November 12, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, TROUTMAN, AND WINSLOW, JJ.


689 CA 17-00255

[*1]MARK SMUKALL AND DIANE SMUKALL, PLAINTIFFS-APPELLANTS,
v
DOLLAR TREE STORES, INC., DEFENDANT-APPELLANT, DENTCO, INC., DENT ENTERPRISES, INC., JENNIFER G. FLANNERY, AS ADMINISTRATOR OF THE ESTATE OF STEVEN M. SAILING, DECEASED, DOING BUSINESS AS B. SAILING SITE & LANDSCAPE CONTRACTOR AND B. SAILING SITE & LANDSCAPE CONTRACTOR, INC., DEFENDANTS-RESPONDENTS. 






CONNORS LLP, BUFFALO (KELLY RILEY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
SCHNADER, HARRISON, SEGAL & LEWIS LLP, NEW YORK CITY (BARRY S. ALEXANDER OF COUNSEL), FOR DEFENDANT-APPELLANT. 
NASH CONNORS, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS DENTCO, INC. AND DENT ENTERPRISES, INC. 
HURWITZ & FINE, P.C., BUFFALO (V. CHRISTOPHER POTENZA OF COUNSEL), FOR DEFENDANTS-RESPONDENTS JENNIFER G. FLANNERY, AS ADMINISTRATOR OF THE
CONTRACTOR, INC. 


 Appeals from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered August 30, 2016. The order granted the motions of defendants-respondents for summary judgment dismissing the complaint and cross claims against them. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion of defendants DentCo Inc. and Dent Enterprises, Inc. in part, reinstating the second and third cross claims of defendant Dollar Tree Stores, Inc., and converting those cross claims into a third-party complaint, and as modified the order is affirmed without costs.
Memorandum: Mark Smukall (plaintiff) allegedly tripped and fell over a broken sign post in the parking lot of premises owned by defendant Dollar Tree Stores, Inc. (Dollar Tree). Dollar Tree had an agreement with defendant Dent Enterprises, Inc. pursuant to which Dent Enterprises, Inc. was responsible for maintenance of the premises, including snowplowing and landscaping. Dent Enterprises, Inc. subcontracted some of the work, including the removal of broken sign post bases in the parking lot, to decedent Steven M. Sailing, doing business as B. Sailing Site & Landscape Contractor. After the accident, plaintiffs commenced this action to recover damages for injuries sustained by plaintiff.
Dollar Tree, in its answer, asserted cross claims against DentCo Inc. and Dent Enterprises, Inc. (collectively, Dent defendants) seeking contribution, contractual indemnification, and damages arising from a breach of the service agreement between Dollar Tree and Dent Enterprises, Inc. In addition, Dollar Tree asserted a cross claim seeking contribution from Sailing, whose estate has since been substituted as a defendant in this action, [*2]and defendant B. Sailing Site & Landscape Contractor Inc. (collectively, Sailing defendants).
The Dent defendants and the Sailing defendants moved separately for summary judgment dismissing the complaint and cross claims against them. Plaintiffs and Dollar Tree now appeal from an order granting those motions.
Contrary to plaintiffs' contention on their appeal, Supreme Court properly granted those parts of the motions seeking dismissal of the complaint against the Dent defendants and Sailing defendants. Here, any duty that those defendants had with respect to maintenance of the premises arose from the service agreement between Dollar Tree and Dent Enterprises, Inc. or the subcontract between Dent Enterprises, Inc. and Sailing. Although "a contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]), there are three well settled exceptions (see id. at 140), only the third of which plaintiffs assert as a basis for liability. More particularly, plaintiffs assert that the Dent defendants and Sailing defendants "entirely displaced" Dollar Tree's duty to maintain the premises safely (id.).
Even assuming, arguendo, that the allegations in the pleadings are sufficient to require the Dent defendants and Sailing defendants to negate the potential application of the third Espinal exception in establishing their prima facie entitlement to summary judgment, we conclude that they met their respective initial burdens (see Lingenfelter v Delevan Terrace Assoc., 149 AD3d 1522, 1523 [4th Dept 2017]; cf. Govenettio v Dolgencorp of N.Y., Inc., 175 AD3d 1805, 1805 [4th Dept 2019]). Here, the service agreement, which was submitted in support of the motions, "gave the property owner the right to request additional services, and employees of the property owner monitored the performance of the . . . contract" (Torella v Benderson Dev. Co., 307 AD2d 727, 728 [4th Dept 2003]; see Lingenfelter, 149 AD3d at 1524). In opposition, plaintiffs failed to raise a triable issue of fact whether either contract "was 'so comprehensive and exclusive a maintenance agreement as to entirely displace' [Dollar Tree's] duty to maintain the property safely" (Baker v Buckpitt, 99 AD3d 1097, 1099 [3d Dept 2012]; see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We agree with Dollar Tree on its appeal that the court erred in granting the motion of the Dent defendants insofar as it sought dismissal of Dollar Tree's contractual indemnification and breach of contract cross claims, i.e., the second and third cross claim, and we therefore modify the order accordingly. With respect to those cross claims, the Dent defendants failed to meet their initial burden on the motion (see generally W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). We note that Dollar Tree has abandoned any contention that the court erred in granting the motion with respect to its contribution cross claim against the Dent defendants (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
Finally, we reject Dollar Tree's contention that the court erred in granting that part of the Sailing defendants' motion with respect to the cross claim against them.
Entered: November 12, 2021
Ann Dillon Flynn
Clerk of the Court